## John Everett and another *vs.* Andrew Boyington.

### July 7, 1882.

**Occupying Claimants' Act—Official Deed—Taxes.**—An assignment executed by the county auditor and issued to a purchaser, in conformity with Laws 1874, c. 1, § 129, *held* to be an "official deed" within the terms of "the occupying claimants' act," Laws 1873, c. 55, (Gen. St. 1878, c. 75, § 15.) As such it was properly executed by the auditor in his official capacity, and sealed with his official seal.

**Same—Deed Regular on its Face.**—Where such an assignment recited on its face the entry of the tax judgment upon the "19th day of August, 1874," and the sale as being made "on the 29th day of September, 1874," the proceedings are not presumptively irregular upon the face of the deed, either as showing a sale prematurely made, or made upon insufficient notice.

**Same—Validity of Proceedings Prior to Tax Deed.**—A *bona fide* occupant of land under such deed of assignment, in order to be entitled to the indemnity provided by the "occupying claimants' act," is not bound to establish the validity of the tax judgment and prior proceedings.

**Appeal—Judgment entered by Stipulation after Verdict.**—A formal stipulation for the allowance of costs and the entry of judgment upon a verdict without further notice is not a waiver of the right to appeal from such judgment.

Appeal by plaintiffs from a judgment of the district court for Sherburne county, where the action was tried before *McKelvy,* J., and a jury. The case is stated in the opinion.

*Oscar Taylor,* for appellants.

The assignments should not have been admitted in evidence, for the following reasons:

It did not appear that the taxes were ever assessed, levied or delinquent, or that any judgment was ever entered or sale made. Cooley on Taxation, 326, 353; Burroughs on Taxation, §§ 113, 119; Blackwell on Tax Titles, 70, 74; *Gaines* v. *Stiles,* 14 Pet. 322; *Ronkendorff* v. *Taylor,* 4 Pet. 349; *Waldron* v. *Tuttle,* 3 N. H. 340; *Blakeney* v. *Ferguson,* 8 Ark. 272; *Brown* v. *Veazie,* 25 Me. 359; *Phillips* v. *Phillips,* 40 Me. 160; *McEntire* v. *Brown,* 28 Ind. 347; *Greve* v. *Coffin,* 14 Minn. 345; *Jackson* v. *Shepard,* 7 Cow. 88; *Bisbee* v. *Torinus,* 22 Minn. 555; *Bell* v. *Dangerfield,* 26 Minn. 307; *Barber* v. *Evans,* 27 Minn. 92.

The assignments are not official deeds. *Cogel* v. *Raph,* 24 Minn. 194; *Madland* v. *Benland,* Id. 372; *Jones* v. *Devore,* 8 Ohio St. 430; *Stanbery* v. *Sillon,* 13 Ohio St. 571.

They are not regular on their face, as they do not show sufficient time to have elapsed between entry of judgment and sale. Laws 1874, c. 1, §. 122; Burroughs on Taxation, 287, 292; *Ronkendorff* v. *Taylor,* 4 Pet. 349; *Worley* v. *Naylor,* 6 Minn. 123 (192;) *State* v. *Brown,* 22 Minn. 482; *Wilson* v. *Thompson,* 26 Minn. 299; *Hobbs* v. *Clements,* 32 Me. 67; *Orr* v. *Travacier,* 21 Iowa, 68; *Proprietors of Cambridge* v. *Chandler,* 6 N. H. 271; *Homer* v. *Cilley,* 14 N. H. 85; *Hannel* v. *Smith,* 15 Ohio, 134; Blackwell on Tax Titles, 221; Cooley on Taxation, 335; Bouvier Law Dict. "Week."

They should have the auditor's personal seal. *Eaton* v. *North,* 20 Wis. 449; *Sturdevant* v. *Mather,* Id. 576; *Bellinger* v. *Gray,* 51 N. Y. 610; *Watt* v. *Gilmore,* 2 Yeates, (Pa.) 330; *Huston* v. *Foster,* 1 Watts, 477; Blackwell on Tax Titles, 367; Burroughs on Taxation, § 117.

*L. W. Collins,* for respondent.

VANDERBURGH, J. This action is to recover the possession of certain lands in Sherburne county, of which defendant has been in pos-

session since the year 1875, under two certain assignments issued under Laws 1874, c. 1, § 129, and alike in form save as to description; and one of which is as follows:

"Whereas, at a sale of lands pursuant to the tax judgment entered in the district court in the county of Sherburne on the 19th day of August, 1874, in proceedings to enforce the payment of taxes for the county of Sherburne, which sale was had on the 29th day of September, 1874, the following described piece or parcel of land situate in said county of Sherburne, state of Minnesota, to wit, southwest quarter of southwest quarter of section eighteen, (18,) of township thirty-four, (34,) north, of range twenty-nine, was bid in for the state, and on this day Andrew Boyington having paid into the treasury of said county the amount for which the same was so bid in, and all subsequent taxes, penalties, and interest, amounting in all to $7.86: thereupon, pursuant to the law in such case made and provided, the whole right, title, and interest of said state in or to said piece or parcel of land acquired at said sale is hereby assigned to said Andrew Boyington, his heirs and assigns, forever.

"Witness my hand and seal this 24th day of June, 1875.

[Signed]                    "P. A. Sinclair, County Auditor."

{ Seal of County Auditor of }
{ Sherburne Co., Minnesota. }

At the trial, the court, having found the tax proceedings invalid, and it appearing that the defendant had no actual notice of the defects invalidating the assignment to him, allowed him, under the proper allegations in his answer, the value of his improvements, and the amount of subsequent taxes paid by him, and directed judgment for the amount thereof in pursuance of the provision of Laws 1873, c. 55, § 2, (Gen. St. 1878, c. 75, § 16,) commonly called the "occupying claimants' act." Judgment was entered accordingly, and the plaintiffs appeal. Upon the trial the plaintiff duly excepted to the admission of the certificates of assignment in evidence, on the grounds (1) that the defendant had failed to establish the validity of the prior tax proceedings and the judgment; (2) that it was not an official deed within the meaning of the statute, and that the same was invalid

because not properly executed by the county auditor, and because sealed with his official instead of his private seal; and (3) that the same was irregular and void on its face, as showing a tax sale prematurely made. These exceptions present all the questions before us on this appeal.

1. It was not necessary for the defendant, in order to entitle himself to the indemnity provided by the "occupying claimants' act" for his improvements, to establish the regularity and validity of the prior tax proceedings. It was enough that the assignments were issued by the auditor in the regular course of his official duty, and that he entered into possession and made his improvements in good faith and without notice.

2. The auditor was directed by Laws 1874, c. 1, § 129, above referred to, to "assign the right of the state in such piece or parcel of land" to the purchaser, and "to execute to him an assignment, which may be substantially in the following form." Such assignment is clearly intended to be his official act, and to be executed in his official capacity as county auditor. The same section of the statute also expressly defines the character and effect of the instrument to be the same in all respects as other deeds, both for record and evidence. The assignment was properly held in this case to be an official deed.

We are also of the opinion that the same was properly executed. As above stated, we think the statute intended that it should be the official act of the auditor. It gives no directions, however, as to the manner of its execution, save that it "may be substantially in the following form." This instrument follows the statute form, unless the private instead of the official seal of the auditor is intended. The statute form of execution is: "Witness my hand and seal.

[L. S.]                    "———, Auditor of ——— County."

(For explanation of errors in the copy of the act as published, see Laws 1874, page 316, note.)

As the instrument was thus to be signed officially, and the auditor is an officer provided with a seal, it was also intended to be sealed by him officially. It is the intention of the statute that must govern, as gathered from its language and scope, and not the mere insertion or omission of the word "official" in the statute form. A familiar

illustration will be found in Gen. St. 1878, *c.* 73, § 37, in reference to depositions, where the statute expressly directs that the certificate of the officer shall be under his official seal; but the form is in this particular as in the section of the statute under consideration. The facts were different in the case of *Eaton* v. *North,* 20 Wis. 449, cited by appellants' counsel. There the tax deed was issued under a statute which required the clerk of the board of supervisors to execute such deeds under his hand and seal. The clerk had no official seal, and it was held improper to affix the county seal instead of his own seal.

3. It is recited upon the face of this assignment that the tax judgment was entered on the 19th day of August, 1874, and that the sale was had on the 29th day of September following, being an interval of 40 days only. It is argued that the notice of sale, if given a sufficient length of time before sale, must in this case have been published within 20 days after the entry of the judgment, and that this was irregular. Laws 1874, *c.* 1, § 122, provides that "after 20 days from the date of any tax judgment, if the amount therein charged shall not have been paid, the county auditor shall sell," etc. Apart from the question—which we do not now stop to consider—whether, under the peculiar wording of the statute, sufficient notice of the sale in this case might not have been given after the 20 days and before the day of sale specified, we are not able to discover any valid objection to the auditor's commencing the publication of notice within the 20 days. It is insisted in support of this point that it was the purpose of the statute to give the land-owner 20 days in which to pay the tax judgment without any increased expense. It is a sufficient answer to this, and to the authorities cited by counsel, that under the peculiar provisions of the statute in question no additional costs were made until the sale. The expense of advertising the notice of sale, being merely nominal, was not added to the judgment, and the landowner was entitled to pay the judgment at any time before sale, without additional costs of the sale.

It only remains to say that the formal stipulation for the entry of judgment after the verdict and in conformity with it is not to be construed as a waiver of the right to appeal. The contest having been

ended in the district court, such stipulation was a mere waiver of the statute formalities in reference to notice and taxation of costs. *Barker* v. *Keith*, 11 Minn. 37, (65.)

Judgment affirmed.