CHARLES C. PERKINS *vs.* JOSEPH TRINKA.

February 23, 1883.

30 241
39 463
30 241
42 497
30 241
t79 290

Promissory Note—Fraud—Duress.—The evidence in this case considered, and *held* not reasonably tending to support the allegations of the answer that the promissory note upon which this suit was brought was obtained without consideration, by the fraud and false representations of the plaintiff, and that it was executed by defendant under duress; hence, that the verdict is not justified by the evidence.

Compromise of Claim deemed Doubtful, but really Invalid, upheld. When parties whose rights are questionable and doubtful, and who have equal means of ascertaining what these rights are, come together and settle these rights between themselves, a court must enforce the agreement to which they may fairly come at the time, although a judicial decision should afterwards be made showing that these rights were different from what they supposed them to be, or showing that one of them really had no rights at all, and so nothing to forego.

Appeal by plaintiff from an order of the district court for Rice county, *Buckham,* J., presiding, refusing a new trial. The case is stated in the opinion.

*R. A. Mott* and *Perkins & Whipple,* for appellant.

*H. S. Gipson,* for respondent.

MITCHELL, J. We do not think that the defendant produced any evidence reasonably tending to support the allegations of his answer that the note in suit was obtained without consideration, by the fraud and false representations of the plaintiff. Plaintiff had held a tax deed for a number of years upon the farm occupied by defendant. After several ineffectual negotiations between the parties for a settlement, plaintiff finally brought suit against defendant for possession of the land, claiming to be owner. Thereupon defendant went and compromised or settled the matter with plaintiff, by executing to him the promissory note in suit, in consideration for which plaintiff executed to him a quitclaim deed of the premises, which was placed in escrow in the hands of a third person, to be delivered upon the exe-

v.30—16

cution, by defendant and wife to plaintiff, of a mortgage upon the land to secure the note, in which event the suit was to be discontinued.

The only tangible representations which can be urged as untrue, and as constituting the fraud complained of, were the statements made by plaintiff, during and prior to the negotiations for settlement, to the effect that he had valid title to the land and could recover possession unless defendant settled with him, whereas in fact his tax deed was void and vested no title in him, as has since been judicially ascertained in the case of *O'Mulcahy* v. *Florer,* 27 Minn. 449, in which a deed of the same form was held void on its face. It is entirely clear that plaintiff made this claim of title solely under his tax deed, and that his statements were made wholly with reference to it, and that defendant perfectly understood this. Under the circumstances of the case, plaintiff's statements were rather expressions of opinion as to the legal effect of his tax deed than positive statements of fact. The evidence also shows that defendant had been aware of the existence of this deed for years, and had more than once refused to accept plaintiff's offers of settlement, because he considered it void. There were no relations of confidence between the parties. Defendant had precisely the same means of ascertaining whether the tax title was valid which plaintiff possessed. On cross-examination, he admits that he could not say that he exactly believed that plaintiff could get possession of the land unless he signed this note. There is no evidence that plaintiff then knew or believed that his tax deed was void. It is also evident that the settlement was made, not upon the basis that plaintiff had unquestionable title, but that his claim was doubtful, because the land was worth about $4,000, and the amount to be paid was only $325. Hence, all there is of the case is that plaintiff had brought ejectment, claiming title under a tax deed which he asserted was valid, but which defendant had asserted was void. The question was one of doubt, and defendant concluded to pay the $325 rather than run any risk of losing his whole farm. Possibly he did so too hastily, and without taking proper counsel; but this is his own fault. It may be also true that the parties did not stand upon an equal footing in point of intelligence and business

experience; but this of itself is no defence, as long as defendant possessed the legal capacity to make a contract.

Possibly, tested by the highest standard of morality, which is perfection, plaintiff exacted more than was in accordance with the golden rule; but this the law cannot consider, unless some legal duty has been violated. Neither is it any defence that it was afterwards judicially determined that tax deeds of this form are void. Where parties whose rights are questionable and doubtful, and who have equal means of ascertaining what their rights are, come together and settle these rights among themselves, a court must enforce the agreement to which they may fairly come at the time, although a judicial decision should afterwards be made showing that these rights were different from what they supposed them to be, or showing that one of them really had no rights at all, and so nothing to forego.

The defendant's second defence, that the note was executed under duress, is equally unsustained by the evidence. It can hardly be necessary to say that the mere fact that a suit had been brought against defendant to recover possession of his farm did not amount in law to duress, even though it may have induced him, through fear of losing his land, to execute the note in question.

It is evident that the jury must have found in favor of defendant upon one or both of these defences, and hence our conclusion is that the verdict is not justified by the evidence. Although it may be, in a popular sense, an equitable verdict, yet it cannot be sustained without a violation of clear legal principles.

This disposes of the case, but in view of another trial we deem it proper to refer to another matter. The court below, in effect, instructed the jury that even if they found that plaintiff obtained this note by fraud or false representations, yet he would be entitled to recover upon it to the extent of the taxes he had paid on the land. We think this was error. The defence is not a partial failure of consideration, but that the note was obtained without consideration, by fraud and false representations. If the note was thus obtained by fraud, no recovery whatever can be had upon it; but in such case the plaintiff would be relegated wholly to his tax title or lien for taxes paid, precisely as if the note had never been executed. On the other hand, if

the note was obtained fairly and without fraud, he would be entitled to recover the full amount of it, regardless of the fact whether his tax title was valid or void. The relinquishment of a doubtful right or claim to the land would be a sufficient consideration for the note.

Order reversed, and new trial granted.