Isabella A. Hall *vs.* C. H. McCormick and another, impleaded, etc.

December 5, 1883.

Appeal—Judgment entered by Stipulation after Decision.—Where the merits of a controversy between the parties to an action have been determined by the finding of the court or verdict of a jury, an assent or stipulation of the defeated party to the entry of judgment in conformity therewith is not in itself a waiver of the right of appeal.

Same—From Part of Judgment.—An appeal may be taken from a specified part of a judgment.

Same—Foreclosure of Mortgage securing Notes due at Different Dates —Application of Proceeds of Sale.—Where the plaintiff and certain defendants in a foreclosure suit owned in severalty different notes se-

cured by the same mortgage, and the trial court adjudged, in effect, that the mortgage security should be first applied to the satisfaction of the note held by the defendants, because first to mature, *held*, that an appeal might be taken from so much of the judgment as gave the defendants such preference; and, upon such appeal, the judgment was directed to be modified in the particular complained of—the claims of the parties to be paid *pro rata* from the proceeds of the mortgage security.

The plaintiff brought this action in the district court for Fillmore county to foreclose a mortgage securing several notes given for a part of the purchase-money of land formerly owned by plaintiff. The defendants C. H. and L. J. McCormick, the owners and holders of the note first maturing under the mortgage, answered and asked to have their note first paid out of the proceeds of the foreclosure sale. After a trial before *Farmer*, J., judgment was ordered and entered, as stated in the opinion, directing a sale of the mortgaged property, and the application of the proceeds, first, to the payment of the note held by the McCormicks, and then to the payment of the other notes secured by the mortgage and which are held by plaintiff. Plaintiff appeals from so much of the judgment as gives priority of lien and payment to the notes held by the McCormicks.

*N. P. Colburn,* for appellant.

*H. R. Wells,* for respondents.

VANDERBURGH, J. The defendants McCormick move to dismiss the appeal in this case substantially on two grounds: *First,* that the plaintiff consented to the judgment as rendered; and, *second,* that the appeal is taken from a part of the judgment which is connected with and dependent upon another portion thereof, the benefit of which plaintiff accepts. As to the first proposition, the court found, as a conclusion of law, that the note transferred to and held by the defendants McCormick, upon which judgment had been recovered by them against the maker, and which matured prior to the notes held by the plaintiff, was entitled to be first satisfied from the sale of the land included in the mortgage which was given to secure them all. And thereupon the court, "by consent of the parties, and in their mutual interest, and as per stipulation," ordered that a decree be entered in plaintiff's favor, subject to the lien of the defendants' judg-

ment. Annexed to the order is the following stipulation, signed by the attorneys of the parties, which was referred to in the order as above: "Plaintiff and defendants McCormick consent and agree to the entry of judgment as above indicated." We do not think this stipulation controlled or related to the decision of the merits of the controversy, but, when it appeared what the findings of fact and law were, the parties stipulated for the entry of judgment in conformity therewith. And this was the understanding of the court below, as expressed in the decision on the motion to correct the judgment. Under such circumstances the assent or stipulation of a party to the entry of such judgment is not to be interpreted as a waiver of his right of appeal. *Everett* v. *Boyington,* 29 Minn. 264.

2. The material question, upon the facts found, was the proper disposition of the proceeds of the mortgage sale; that is, whether the fund should be first applied to the satisfaction of the note held by defendants, or should be ratably distributed and applied upon the notes of both plaintiff and defendants. We are unable to see why this appeal does not fairly present this question. The appellant complains only of so much of the judgment as gives the respondents a priority. The result of the appeal, if determined in her favor, will be to modify the judgment by correcting the error complained of, and directing the claim of respondents to be paid *pro rata* with that of appellant. And this result could be attained in this case as well as if the appeal had been from the entire judgment. As justice to both parties may thus be done on the appeal as it stands, we think it should not be dismissed.

3. Upon the merits this case must follow *Wilson* v. *Eigenbrodt,* 30 Minn. 4, wherein it is settled that the proceeds of the mortgaged property should be applied *pro rata* upon notes held by several parties, to secure which the mortgage was given, in the absence of any contract for a different disposition thereof. The judgment should therefore be modified, so that the money realized from the mortgage sale may be apportioned ratably between the parties, instead of allowing the defendants a preference.

The case will be remanded, with directions to modify the judgment in conformity with these views.