MARGARETHA SCHRAMM *vs.* HERMAN HAUPT, Jr.

May 10, 1888.

**Fraudulent Procuring of Deed—Evidence.**—Evidence *held* to be insufficient to justify the finding of the court, that the execution of a deed of conveyance by the plaintiff had been fraudulently procured by inducing the belief on her part that she was executing a different instrument.

Appeal by defendant from an order of the district court for Ramsey county, *Kelly*, J., presiding, refusing a new trial.

*J. M. Gilman*, for appellant.

*C. D. & Thos. D. O'Brien*, for respondent.

DICKINSON, J. The plaintiff prosecutes this action for the purpose of having a deed cancelled, which she made to the defendant in March, 1886. The facts upon which such relief is sought, as set forth in the complaint, are that the defendant fraudulently procured the execution of the deed, the particulars specified being that the defendant fraudulently represented that he owned the land, having acquired a tax title thereto, and that to save her property it was necessary for her to execute a certain written agreement, the contents of which were not explained to her, but which she was led to believe provided by its terms for the immediate payment to her of $5,000; and that, intending to execute such an agreement, she in fact executed, as she has since discovered, the deed in question, conveying the land to the defendant. It is also alleged that she is unable to read or write the English language, or to accurately speak or understand it

when spoken. The court found the allegations of the complaint to be true, excepting only that it is found that the defendant did believe that he was the owner of the property by virtue of certain tax proceedings. It is further found that there was no consideration for the deed. We have to consider whether the findings of the court, and its conclusion in favor of the plaintiff, were justified by the evidence.

The case shows that a tax judgment was entered against this land in 1883, upon which the land was offered for sale in that year, and bid in for the state, and in 1884 the state assigned its interest to the defendant. No redemption was ever made. The only defect suggested in the defendant's asserted tax title is that no notice of the expiration of the time for redemption was ever given. The decision in State v. Smith, 35 Minn. 257, (28 N. W. Rep. 241,) declaring the statute to be unconstitutional which in terms had repealed the statutory requirements for the giving of such notice, was not filed until some two months after the transaction in question, and the court was justified in finding that the defendant believed that he had acquired a title in fee to this land. The statement to the plaintiff that he had such a title was not, therefore, fraudulent. She knew that the title which he claimed to have was only such as he had acquired by the tax proceedings referred to, and she had gone to him to "settle with him," as she testifies, concerning that very subject. Under these circumstances the defendant's assertion of title can be given no other effect than the expression of an opinion. Perkins v. Trinka, 30 Minn. 241, (15 N. W. Rep. 115.)

On the occasion under consideration the plaintiff in fact executed both the deed in question and a written contract. The latter instrument recited the defendant's purchase from the state, and contained an agreement of the defendant that, upon the execution of a warranty deed by the plaintiff to him, he would plat the land, and put it in market for sale, and would divide equally with the plaintiff the proceeds of all sales, (after paying the expense of the platting and selling of the land,) until the plaintiff should have received the sum of $5,000. There was the further provision that if the defendant should succeed in selling the land, (the area of which was a little over seven

acres,) at the rate of $2,000 per acre, before the 1st of July, he should pay the plaintiff, out of the proceeds, the further sum of $1,000, making $6,000 in all. When these instruments were executed, the plaintiff's son was with her, participating in the negotiation in her behalf. He was 30 years of age, and there is no suggestion that he had not ordinary intelligence and education. It is perfectly clear, from the evidence, that he knew at the time that one of the two instruments executed by his mother was a deed of conveyance to the defendant, and that the other was a contract providing for the payment of money to his mother; that he read both instruments; and he testifies, as a witness in the plaintiff's behalf, that he read them to his mother, and explained to her what the deed was. There may be some doubt, from the evidence, whether he or the plaintiff accurately understood the conditions specified in the contract as to the payments being made out of the proceeds of the sale of the land. The plaintiff testifies that she signed *two* papers, but did not know that one of them was a deed. Yet from her own testimony it is apparent that she understood this transaction to be a settlement with the defendant respecting the title to this land, and that she was to receive from him $5,000, and that, if he (defendant) should sell the land for a specified price, he was to pay her $6,000. It is shown without dispute that repeatedly, after this transaction, she demanded of the defendant the payment of the $5,000. It also appears, from her testimony, that in the course of the negotiations, and before these instruments were made out, the defendant wanted a deed, and told her to bring her deed to him, "and he could make a new deed," and that she did so.

Upon the whole case it seems hardly possible that the plaintiff could have been ignorant of the fact that this was a deed of the land when she executed the instrument in question; but, whether this be so or not, we are of the opinion that the case does not justify a conclusion that the execution of the deed was procured by the fraudulent means alleged in the complaint, and found by the court to be true. The case is in some respects similar to that of *Perkins* v. *Trinka, supra.* The parties stood in the ordinary attitude of opposing contracting parties, without any relation of trust or confidence, and, while the circumstances are well calculated to excite sympathy for the plain-

tiff, the case before us does not entitle her to a cancellation of this deed for fraud.

Order reversed.