## J. J. KIES v. H. R. SEARLES AND ANOTHER.[1]

### July 16, 1920.

### No. 21,864.

**Compromise and settlement — question for jury.**

1. A compromise of a disputed cause of action, asserted in good faith and upon reasonable grounds, is supported by a consideration. This doctrine is applied in a suit on a note where the maker claimed a cause of action against the payee for fraud in the transaction out of which the note arose, and there was an agreement of settlement releasing the cause of action for fraud and surrendering the note, and it is *held* that the question in the particular case whether a compromise was made was for the jury.

**Reversal on appeal — effect on alternative motion for new trial.**

2. Where the plaintiff makes the usual alternative motion for judgment notwithstanding, or a new trial, and the court grants judgment and denies a new trial, and upon the defendants' appeal the order is reversed upon the ground that judgment should not have been granted, the order so far as it denies the new trial will be treated as formal, the reversal here as vacating it, and upon the going down of the remittitur the court will consider anew the motion for a new trial.

1 Reported in 178 N. W. 811.

Action in the district court for Lyon county to recover $1,000 upon a promissory note. The defense is stated in the third paragraph of the opinion. The case was tried before Clague, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for defendants. Plaintiff's motion for judgment notwithstanding the verdict was granted and his motion for a new trial was denied. From the order granting judgment notwithstanding the verdict, defendants appealed. Reversed.

*A. R. English,* for appellants.

*James H. Hall* and *E. Z. Molle,* for respondent.

DIBELL, J.

Action to recover upon a promissory note for $1,000. There was a verdict for the defendants. The plaintiff moved in the alternative for judgment notwithstanding the verdict or for a new trial. The motion for judgment was granted and the motion for a new trial was denied. The defendants appeal from the order.

1. The plaintiff owned a half section of land in North Dakota encumbered by three mortgages, one for $1,500, one for $1,800, and another for $4,200. The defendant H. R. Searles owned a hotel property in Brewster, Minnesota. On April 1, 1916, the parties exchanged properties, the defendant assuming the three mortgages, and giving his note for $1,000 due in two years, secured by a mortgage on the North Dakota land, in which his wife, the other defendant, joined. This note is the note in suit.

The defendant claims that the plaintiff fraudulently misrepresented the value of the North Dakota land, stating that it was worth $50 an acre; that he warranted it to be of that value; and that in making the exchange he relied upon such representation and warranty, and was defrauded. The defendant had not seen the land and there is evidence indicating that the plaintiff knew this. The land was several hundred miles away. Under circumstances resembling these a claim of fraud based upon a misrepresentation of value may be urged in good faith. See Mountain v. Day, 91 Minn. 249, 97 N. W. 883; Brown v. Andrews, 116 Minn. 150, 133 N. W. 568. The plaintiff in his testimony puts

the value of the land at $35 or $40 per acre, and there is evidence that at one time he admitted that it might not be worth more than $25 per acre.

The first two mortgages on the North Dakota land were foreclosed and the time for redemption was drawing near. The plaintiff had sold the hotel property and the defendant had sold the North Dakota lands. The defendant was personally liable on his assumption of the $4,200 note secured by the third mortgage.

The defendant claims that he asserted a cause of action against the plaintiff for fraudulent misrepresentation; that it was agreed that the plaintiff would obtain an assignment of the rights acquired by the foreclosure of the first two mortgages, which, upon the expiration of the redemption period, would give him title to the land, and would take care of the third mortgage for $4,200 upon which the defendant was personally liable; that the defendant would make no effort to secure title under the foreclosure, and that the plaintiff would surrender the $1,000 note and the defendant would release the cause of action which he claimed for fraud. The plaintiff acquired title to the North Dakota land by purchasing the right acquired under the foreclosure. Title was taken in the name of his father and apparently with his father's money. Whether title was acquired by the plaintiff or by his father is not a material fact on the issue before us.

There is evidence tending to support a claim of fraudulent representation, and of a settlement which, when carried out, was to result in a surrender of the note in suit. On both questions the evidence is much in dispute. If the assertion of a claim is in good faith and upon reasonable grounds, and the parties interested settle their controversy by mutual concessions, there is a consideration for the compromise. Perkins v. Trinka, 30 Minn. 241, 15 N. W. 115; Kelley v. Hopkins, 105 Minn. 155, 117 N. W. 396; Sunset Orchard Land Co. v. Sherman Nursery Co. 121 Minn. 5, 140 N. W. 112.

The defendant's evidence in support of his contention is far from satisfactory. He delayed in making his claim, and there is much to indicate that it was asserted merely to avoid his obligation. But the ques-

tion of its validity was for the jury and judgment notwithstanding the verdict should not have been granted.

2. Upon the hearing of the alternative motion the court granted the plaintiff's motion for judgment notwithstanding and denied his motion for a new trial. The appeal of the defendants brings before us the question of the propriety of granting the motion for judgment. The plaintiff does not appeal and there is no one attacking the order so far as it denies a new trial. The situation is anomalous, and it is so because while the motion was in the alternative rulings were made on both of the included motions. When the order granted the motion of the plaintiff for judgment, all that he could have was given him. A new trial was asked only in the event that the motion for judgment was denied, and judgment being granted the request for a new trial might well enough have been disregarded. In such event upon the reversal of the order for judgment, the case would be in the trial court with the motion for a new trial pending. A new trial could not have been granted consistently with the granting of judgment, and the denial of a new trial, while in a way consistent, accomplished nothing. The denial was only formal. The plaintiff should not be concluded by it. The reversal here vacates the order as a whole, and when the remittitur goes down the trial court will reconsider the motion for a new trial.

Order reversed.