## CLARENCE S. McGINLEY v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

April 21, 1922.

No. 22,806.

**Judgment notwithstanding verdict—when not to be granted.**

1. Where a motion is made for judgment notwithstanding the verdict and in case that be denied, then for a new trial, the motion for judgment should not be granted, unless it clearly appears from the proofs that the cause of action or defense sought to be established could not, in point of substance, constitute a legal cause of action or a legal defense.

**Appeal and error — what reviewable when motion for judgment is granted.**

2. In passing upon the motion for judgment notwithstanding the verdict or for a new trial, the court granted the motion for judgment and denied the motion for a new trial. The appeal brings before this court only the correctness of the order granting the motion for judgment.

**When trial court does not consider whether testimony is sufficient, supreme court will not.**

3. Where, in passing upon a motion for judgment notwithstanding the verdict, the trial court orders judgment upon questions of law with-

[1]Reported in 187 N. W. 829.

out considering whether the testimony supports the verdict, this court will not consider the testimony upon an appeal from such judgment until the trial court has considered the same.

Action in the district court for Yellow Medicine county to recover $75,000 for personal injuries received while in the employ of defendant. The case was tried before Daly, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $45,000. Defendant's motion for judgment notwithstanding the verdict was granted and its motion for a new trial denied. From the judgment entered pursuant to the order, plaintiff appealed. Reversed and remanded.

*Tom Davis, Ernest A. Michel* and *D. L. Kennedy,* for appellant.

*F. W. Root* and *C. W. Wright,* for respondent.

QUINN, J.

Action to recover for personal injuries which resulted in the amputation of both of plaintiff's legs just below the knee. There was a verdict in favor of plaintiff for $45,000. Defendant made a motion in the alternative for judgment notwithstanding the verdict, and if that be denied then for a new trial. The court granted the motion for judgment and denied the motion for a new trial. Judgment was entered and plaintiff appeals therefrom.

There is little or no controversy as to the facts up to the time of the occurrence of the injury complained of. Plaintiff was employed as journal box packer and oiler in the defendant's freight yards at Janesville, Wisconsin. The yard is used exclusively for switching and the storage of freight cars. The tracks extend east and west. The main track is to the north, and south thereof are four switch tracks which are numbered from north to south and are so laid that the distance between the south rail of track 2 and the north rail of track 3 is about 8 feet. The overhang of freight cars is about 2 feet, so that the distance in the clear between cars upon adjoining tracks is about 4 feet. On June 12, 1920, a freight train pulled in on the main track. Plaintiff started to look after the journal boxes and when he had examined two or three a switch engine started with the string of cars to place them on track 3.

Plaintiff then crossed over and started east between tracks 2 and 3, for the purpose of reaching the point in the easterly part of the yard where the cars would stop. The string of cars was then being pushed east on track 3, and as the first or second car was passing the plaintiff the accident occurred. The manner in which it occurred is the only serious question of fact involved in this litigation. Track 2 was clear of cars opposite the point of the accident. There was what is known as a "low joint" in the north rails of track 3, near this place, which allowed the wheels of cars passing over it to drop down below the general level of the rail about 2 or 3 inches, making the cars sway sidewise from 6 to 12 inches at the top. There were some pieces of coal between the tracks at this place such as are liable to shake off or fall from moving cars.

But two grounds of negligence are alleged: First, that there were low joints in track 3; and second, that there were cinders, coal and litter between tracks 2 and 3. The trial court submitted the former charge of negligence to the jury, but failed to submit the second. The plaintiff urges that a new trial should be granted because of a failure to submit both questions of negligence to the jury. Wo do not think that question is before us upon this appeal. On account of the procedure had, we think the case falls well within the rule announced in Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958.

Appellant's right of recovery is urged upon the theory that, while walking east between the tracks mentioned, a box car passing over the low joint referred to swayed to the north, striking him on the back or shoulder; that such blow caused him to stumble forward, and that in his endeavor to regain his balance his feet came in contact with a piece of coal which rolled and both of his legs were thrown across the rail, the car wheel passing over them just below the knees; that in his efforts to extricate himself his clothes caught upon the trucks and dragged him upon the ground until Mr. Garry came to his rescue.

The theory on behalf of defendant is that the plaintiff crossed over from the main track and started east between tracks 2 and 3 for the purpose of going to the easterly part of the yard, a distance

of some 25 or 30 carlengths, to attend to the journal boxes when the cars stopped there; that, as the head car of the string was passing him at a low rate of speed, he caught onto the ladder on the side of the car and undertook to climb on top to ride to the east end of the yard; that as he reached the top of the car he tried to swing around the corner of the car and climb up the end ladder; that he reached for the handhold on top of the car, missed it and fell to the ground and was run over; that his clothing caught on the trucks dragging him on the ground, and that the witness Garry, who was on the top of the car at the time, signalled the train to stop and then went down the side ladder to the plaintiff's rescue.

It was held in the case above cited that judgment should not be granted, unless it clearly appears from the whole evidence that the cause of action or defense sought to be established could not, in point of substance, constitute a legal cause of action or a legal defense.

In passing upon the motion for judgment notwithstanding the verdict or for a new trial, the trial court granted the motion for judgment and denied the motion for a new trial. No appeal was taken from the order so far as it denied a new trial. The appeal brings before this court only the correctness of the order granting the motion for judgment. In its memorandum, which was made a part of the order, the court states that: "It must be taken as established by the verdict of the jury that there was a joint in the north rails of the sidetrack 3 inches low, that the cars in passing over it swayed over and struck the plaintiff, causing the injury complained of. But this standing alone does not constitute actionable negligence." In that view of the facts as conceded by the trial court to be established by the verdict, it was in error in directing judgment notwithstanding the verdict, for the inferences legitimately to be drawn therefrom were for the consideration of the jury in connection with the other facts and circumstances surrounding the accident. Such facts so considered will not justify the conclusion of the absence of negligence as a matter of law. For this error of the court there must be a reversal.

The motion was in the alternative for judgment or a new trial. The trial court by express order denied the new trial and granted the motion for judgment. Having concluded to grant the motion for judgment, there was no occasion for disposing of the motion for a new trial and the order denying it must, following the rule applied in Kies v. Searles, 146 Minn. 359, 178 N. W. 811, be treated as pro forma, without a consideration of the merits, and subject to reconsideration. Wessel v. Gigrich, 106 Minn. 467, 119 N. W. 242. The judgment appealed from insofar as it grants the motion for judgment will therefore be reversed and the case remanded with the right in defendant to apply for a rehearing of the motion for a new trial.

It is so ordered.