CLARENCE S. McGINLEY v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

March 2, 1923.

No. 23,148.

No review on second appeal of question decided on former appeal.

1. On a former appeal a judgment notwithstanding the verdict was reversed on the ground that the evidence made a question for the jury. As the record remains unchanged, that question cannot be again reviewed on this appeal.

[1]Reported in 192 N. W. 346.

Verdict sustained by evidence.

2. The evidence is sufficient to sustain the verdict.

After the former appeal reported in 152 Minn. 48, 187 N. W. 829, the case was tried before Daly, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $45,000. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $30,000. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for appellant.

*Tom Davis* and *Ernest A. Michel,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict of $45,000 for personal injuries. Defendant made a motion in the alternative for judgment notwithstanding the verdict or for a new trial. The motion for judgment was granted and judgment entered for defendant. Plaintiff appealed. This court reversed the judgment on the ground that the evidence made a question for the jury, but remanded the case with the right in defendant to apply for a rehearing of the motion for a new trial. McGinley v. Chicago, M. & St. P. Ry. Co. 152 Minn. 48, 187 N. W. 829.

After the case was remanded, defendant renewed both motions. The trial court denied the motion for judgment, but granted the motion for a new trial unless plaintiff should consent to reduce the verdict to the sum of $30,000, in which event that motion was also denied. Plaintiff consented to the reduction. Defendant appealed from the order. Defendant again contends that it is entitled to judgment notwithstanding the verdict, and insists that plaintiff's version of how the accident happened is so improbable that it ought to be rejected. The facts are set forth in the opinion on the former appeal. We held on that appeal that the evidence was sufficient to carry the case to the jury, and that question cannot be again considered on this appeal, the record remaining unchanged.

The only question presented which can be considered is whether a new trial should be granted on the ground that the evidence does not justify the verdict. If the trial court had ordered a new trial on this ground, the order might be sustained as within the discretion of that court, but the majority of the court are of opinion that the record does not warrant this court in disturbing the verdict as reduced.

Order affirmed.

HOLT, J. (dissenting.)

I dissent. On the former appeal the judgment was reversed mainly for the reason that the trial court had not considered whether the evidence sufficiently supported the verdict. In my opinion it does not, and a new trial should have been granted. Plaintiff's tale as to how he was injured seems to me demonstrably false, namely, that he, walking along a freight train moving at the rate of six miles per hour, was by lurch from a car passing over a low joint in the track struck on the shoulder so that he stumbled along two or three steps and fell so as to get both legs upon the rail in front of the trucks of the car. It cannot be done, unless he wilfully set out to swing his legs over. There was no suction from a train so moving, and no claim that in the lurch plaintiff's clothing was caught by any projecting bolt.

QUINN, J. (dissenting.)

I concur in the dissent of Justice Holt.

There was a string of 25 freight cars being pushed east by a locomotive at the rate of six miles per hour. Another switch track was parallel with and eight feet north of the one upon which the cars were moving. There were no cars upon the north track near where the accident occurred. The witness Garry, a switchman, was on top of and near the front end of the head or most easterly car of the string. He testified that he was looking ahead to the east, saw plaintiff as he was crossing the north track and as he turned east between the two tracks, and that the cars were moving down grade; that he turned and went west to the rear end of the car to set the

brake when he saw plaintiff coming up the ladder at the northwest corner of the car, and that, while in the act of reaching for the grab iron on top of the car and swinging around the corner thereof, plaintiff missed his hold and fell between the cars; that he, Garry, gave a stop signal and jumped from near the top of the ladder; that plaintiff's clothes had caught on the oil box of the second car, dragging him along when Garry caught hold and pulled him loose; that both his legs had been run over just below the knees. Upon the other hand, plaintiff claims that when he crossed the north track he turned east; that as he was walking between the tracks the car that injured him passed over a low-joint and swayed to the north, striking him on the right shoulder, thereby casting him forward in such manner that he stumbled, stepped on a rolling piece of coal and was thrown under the car so that the wheels passed over his legs just below the knees. The contention of plaintiff being that, as the wheels passed over the low-joint, the car at the height of plaintiff's shoulder swayed out to the north about three or four inches, striking him on the shoulder causing the injury complained of.

It was two feet from the outer or north side of the car to the rail. His feet were thrown so that the wheel passed over his legs just below the knees, clearly demonstrating that if he fell in the manner claimed, swaying of the freight car, which was moving in the same direction in which plaintiff was walking, caused him to fall with his legs four feet under the moving train. I am unable to understand how this could have happened in the course of human events. The car was moving six miles per hour, plaintiff was walking in the same direction, the car swayed about the length of a man's forefinger, a photograph of the locus in quo shows no lumps of coal anywhere near as high as the rail of the track. Under these circumstances it seems impossible for the accident to have happened in the manner claimed by plaintiff.