## A. V. RIEKE v. ST. ALBANS LAND COMPANY.[1]

June 6, 1930.

No. 28,013.

*George S. Grimes, Bonita F. Rieke* and *Maurice H. Rieke,* for appellant.

*Boutelle, Bowen & Flanagan* and *Coe I. Crawford,* for respondent.

[1]Reported in 231 N. W. 222.

HOLT, J.

Plaintiff appeals from a judgment entered in his favor for $440.95, including interest and costs. The complaint set forth four causes of action. The first and second were decided against plaintiff, one by the court and the other by special verdict; and no complaint is made as to either decision. Upon the fourth cause of action, for attorney's services, a special verdict for $275 is acceptable to plaintiff. The cause for the appeal is found in the third cause of action, which upon the direction of the court the jury severed and returned a special verdict for services rendered "not as secretary nor as attorney" in the amount of $2,130, and for supplies and stenographic services, $255. The general verdict was for $2,660. Defendant had moved for a directed verdict generally and upon each cause of action separately, and after the verdicts were returned moved in the alternative for judgment notwithstanding the verdict (or verdicts) or for a new trial. The court specifically denied the motion for a new trial as to the third and fourth causes of action, and also the motion for judgment notwithstanding the verdict as to the fourth cause of action. As to the third cause of action the order reads:

"That the motion for judgment notwithstanding the verdict as to the matters alleged and claimed in the third cause of action of the complaint herein be and the same is hereby granted except as to the sum of sixty-two ($62.00) dollars, as to which last mentioned amount only, the verdict is sustained and the motion for judgment notwithstanding is denied."

Plaintiff attempted to appeal from the quoted part of the order, but we held no appeal lay from part of an order; Rieke v. St. Albans Land Co. 179 Minn. 392, 229 N. W. 557.

Defendant contends that since plaintiff could have appealed from the whole order and thereby reached the error he now asserts he cannot by appealing from the whole judgment have reviewed the error which relates to only part thereof. Defendant does not claim that there is any decision on this proposition in his favor, but argues, because in certain instances appeals from parts of judgments

have been sustained, plaintiff is precluded from raising the point he desires by appealing from the whole thereof. Hall v. McCormick, 31 Minn. 280, 17 N. W. 620, and St. Paul Tr. Co. v. Kittson, 84 Minn. 493, 87 N. W. 1012, are cited. It seems to us that Capehart v. Logan, 20 Minn. 395 (442), referred to and distinguished in the Kittson case, answers defendant's contention and indicates that plaintiff here could not have appealed from any part of the judgment. In fact plaintiff's grievance is that the order subsequent to the verdict prevented the judgment from including the amount to which he was entitled. Stellmacher v. Bruder, 93 Minn. 98, 100 N. W. 473. As a rule, on appeal from a judgment any order made after trial and verdict and affecting the judgment is reviewable. We think the appeal clearly presents for decision the court's action in ordering judgment for $62 notwithstanding the verdicts for $2,385 on the third cause of action.

Where a trial court deems a verdict, returned upon a cause of action, supported in some amount so that judgment notwithstanding the verdict cannot be granted, but considers it unjust or excessive, the remedy is a new trial; or sanctioned practice permits a granting of a new trial conditionally upon the refusal of the one for whom the verdict was returned to file consent to a reduction thereof to the amount fixed by the court. That was not the procedure here adopted. We see no objection to the action of the court in virtually making two causes of action out of the third cause stated in the complaint and directing the jury to return a special verdict upon each. Plaintiff did not object thereto at the time and should not be heard to raise an objection on this appeal. And we do not understand that he does. From the memorandum of the court it is gathered that as a matter of law it was considered that plaintiff could recover under the third cause of action only the cash, $62, disbursed for defendant, but could not recover for the amount paid for stenographic services which were required by defendant; and so all but $62 of the special verdict of $255 was eliminated and also the whole of the special verdict of $2,130. There may be circumstances under which, on motion by a defendant, a

judgment in a smaller sum may be rendered for a plaintiff notwithstanding a verdict for a larger sum has been returned. As an instance defendant properly cites Zamboni v. Implement Dealers M. F. Ins. Co. 174 Minn. 122, 218 N. W. 457, where plaintiff had a verdict for $587.50, and on defendant's motion judgment for plaintiff for $350 was rendered notwithstanding the verdict. But there it was conceded that $350 covered all the damages on a fire insur-' ance loss that plaintiff could have judgment for, unless the policy also covered the loss from explosion. It was held that as a matter of law no recovery could be had for the loss caused by explosion; therefore the court correctly ordered judgment for $350. Here nc concession or admission was made as to the $62 for which the court ordered judgment. And, as stated, conceding that the special verdict of $255 was upon a cause of action which the court properly carved out of the third cause of action, we see no valid reason why defendant's liability for the disbursements for stamps and supplies should stand upon any different footing than disbursements for stenographic services for defendant's benefit.

As to the special verdict for $2,130 for services "not as secretary nor as attorney," we think the record is not so clear that plaintiff is entitled to no recovery whatever for any of those that there should be judgment for defendant notwithstanding the verdict. If any of such services were rendered at the request of the executive officers of defendant directly for its use, the restrictions in the articles of incorporation and by-laws would hardly prevent a recovery, at least to the extent that defendant gained or benefited thereby. In view of our conclusion that the judgment in so far as it disposes of the third cause of action cannot stand and also that of the trial court that the special verdicts in the third cause of action are excessive, a new trial is likely. It will therefore not be proper to discuss the evidence. But we may observe that if plaintiff as secretary is not entitled to salary or compensation, he cannot claim pay for examining or verifying the correctness of deeds, releases, or documents which he as secretary was required to execute or obtain for defendant. As we read the record, a large part of the

services for which the jury awarded the special verdict of $2,130 were of the sort alluded to.

It is true, the court specifically denied defendant's motion for a new trial of the third cause of action, but this of course was on the theory that judgment notwithstanding the verdict stood as ordered. But since defendant was not entitled to have judgment notwithstanding the verdict on the third cause of action or on either of the special verdicts therein, the order denying a new trial may be considered as prematurely made. Kies v. Searles, 146 Minn. 359, 178 N. W. 811; Central Met. Bank v. Fidelity & Casualty Co. 159 Minn. 28, 198 N. W. 137; Wegmann v. Minneapolis St. Ry. Co. 165 Minn. 41, 205 N. W. 433. And on the going down of the remittitur and the setting aside of the judgment appealed from, the court should entertain and again determine the defendant's motion for a new trial upon the third cause of action only.

The judgment is reversed and the cause is remanded with direction to proceed in accordance with this opinion to final judgment,