## ALBERT DAHLQUIST v. MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.[1]

February 10, 1950.

No. 35,023.

*Brenner & Bouchard,* for appellant.

[1]Reported in 41 N. W. (2d) 586.

*C. W. Wright, John C. DeMar, Richard Musenbrock,* and *William J. Powell,* for respondent.

PER CURIAM.

Action for personal injuries and for damage to plaintiff's truck resulting from a collision between his 1935 Ford pickup and one of defendant's locomotives. The jury returned a verdict for plaintiff. Plaintiff appealed from an order granting defendant's motion for judgment notwithstanding the verdict, made in response to an alternative motion for judgment or a new trial.

We are confronted at the threshold of consideration of this case by the fact that the settled case does not disclose a motion to direct a verdict in favor of defendant at the close of all the evidence offered. The fact that defendant, at the close of plaintiff's evidence, moved for a directed verdict does not satisfy the statute which authorizes the alternative motion for judgment notwithstanding the verdict or a new trial. M. S. A. 605.06. The identical question was presented to this court in the case of Callahan v. City of Duluth, 197 Minn. 403, 267 N. W. 361.

The court, although the motion for new trial was not before it unless it denied the motion for judgment notwithstanding the verdict, denied the motion for a new trial. That part of the court's order denying a new trial is vacated. Kies v. Searles, 146 Minn. 359, 178 N. W. 811; Rieke v. St. Albans Land Co. 180 Minn. 540, 231 N. W. 222; Central Metropolitan Bank v. Fidelity & Casualty Co. 159 Minn. 28, 198 N. W. 137; Parker v. Fryberger, 165 Minn. 374, 206 N. W. 716.

The order granting defendant judgment notwithstanding the verdict therefore must be reversed.

Reversed.