No. 23,703.

EDNA WAMBERG, *Appellee*, v. J. W. WAMBERG, *Appellant*.

SYLLABUS BY THE COURT.

ALIMONY—*Allowance in Absence of Husband—Stipulation.* It is held that under the circumstances stated it was error to deny a petition to set aside an allowance of alimony made in the absence of the husband induced by a stipulation that such allowance would not be asked.

Appeal from Ford district court; E. C. MINNER, judge *pro tem.* Opinion filed May 6, 1922. Reversed.

*Clement L. Wilson*, of Tribune, *Edgar Foster*, and *Horace J. Foster*, both of Garden City, for the appellant.

*Walter L. Bullock*, of Dodge City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Edna Wamberg obtained a decree of divorce from J. W. Wamberg on January 29, 1921, in an action brought by her on October 7, 1920. The judgment included an allowance of $1,000 as alimony. On March 2, 1921, the defendant filed a petition to vacate the judgment upon the ground that he had refrained from attending the trial in reliance upon a written stipulation to the effect that no allowance for alimony should be made. A hearing was had upon this petition and relief was denied him. He took this appeal on July 15, 1921.

The parties will be spoken of as plaintiff and defendant according to their relations in the original suit, whether or not the present proceeding should be regarded as a new action. On October 9, 1920,

Wamberg v. Wamberg.

the defendant and the plaintiff's attorney entered into a written stipulation reading as follows:

"Whereas, there is now pending in the above named court an action for divorce between the above named parties.

. "And whereas, the parties have agreed to a settlement of their property rights, in lieu of any further or different alimony and attorneys fee as herein stated.

"The plaintiff agreed to prosecute her action for divorce to a final determination and the defendant will file no answer therein.

"The defendant agrees to pay to the plaintiff the sum of Five Hundred Dollars in the manner following, Fifty Dollars in cash receipt of which is hereby acknowledged, and the sum of Four Hundred Fifty Dollars within ten days from this date. Defendant further agreed to pay to Walter L. Bullock, the sum of Five Hundred Dollars in the following manner. One Hundred Dollars cash, the receipt of which is hereby acknowledged, and the sum of four hundred within ten days from this date, this amount to be in full for his services as her attorney.

"Plaintiff agrees to sign any deeds that may be necessary in the conducting of defendants real estate business.

"Plaintiff agrees to turn over the Oldsmobile upon the signing of this agreement."

The Oldsmobile referred to was a car at the time in the possession of the plaintiff which the defendant claimed to own subject to a mortgage to a third person for more than its value. The car was delivered to the defendant in pursuance of the agreement and retained by him. The fifty-dollar payment mentioned appears to have been made. A check was given for the one-hundred-dollar payment acknowledged, on which the defendant stopped payment. No other payment was ever made. On November 4, 1920, the court made an order for the payment by the defendant to the plaintiff of $40 on the 15th of each month and also $50 for her attorney's fee and $100 as suit money. Forty dollars was paid on November 15, 1920. The defendant failed to make any further payment and on December 20, 1920, in a proceeding against him on account of such failure the court found that he was unable to meet the requirement of the original order and substituted therefor an order to pay $50 suit money and $50 attorney's fee by January 1, 1921. Neither of these payments was made and on January 18, 1921, the following agreements were executed in behalf of the parties by their attorneys:

*"Stipulation.*

"It is hereby stipulated and agreed by and between Walter L. Bullock, attorney for Edna Wamberg, the above named plaintiff, and Clement L.

Wilson, attorney for J. W. Wamberg, the above named defendant, that upon the defendant's complying with thè order of the court made on the 20th day of December, 1920, that the plaintiff is not to ask for any further or additional alimony, costs or attorney fees, and that upon the payment of the order by G. W. Shell all property rights by and between the plaintiff and defendant are settled.

"It is further agreed that the plaintiff will claim no further rights in the property of the defendant and that upon the payment of the money by G. W. Shell, all orders of the court will be released.

"The defendant agrees to withdraw his answer and consent that the above action may be tried at any time the plaintiff elects."

"JANUARY 18th, 1921.

"By mutual agreement between J. W. Wamberg and Edna Wamberg and her attorney, Walter L. Bullock, the order made on December 20th, 1920 at Greensburg, Kansas has this day been settled to-wit;

"That J. W. Wamberg hereby assigns to Edna Wamberg for suit money and attorneys fee in the case of *Edna Wamberg, plaintiff vs. J. W. Wamberg,* defendant, action for divorce in Dodge City, Ford County, Kansas, which claim and account has been agreed upon, which G. W. Schell owes J. W. Wamberg of $98.66 (Ninety Eight Dollars and sixty-six cents) and this is to be the authority of G. W. Schell to pay said claim."

At the hearing of the petition to vacate the judgment the defendant testified that he signed the stipulation of October 9 under duress. That testimony is not here important because no claim of that nature was made in the application to vacate, the reason there given for nonperformance on his part being his lack of means, of which it was alleged he gave notice to the plaintiff's attorney. Moreover the court may not have believed the defendant's statements in this regard. The plaintiff introduced no evidence and the present controversy must be determined upon the facts already stated.

The plaintiff contends that the stipulations of January 18 did not supersede that of October 9, and did not affect the allowance of permanent alimony, but have reference merely to suit money and attorney's fees, being a substitute for the order of the court of December 20. We think, however, that their true interpretation is that the plaintiff would make no demand for alimony, suit money or attorney's fees beyond the payment of the $100 provided in the court order of December 20, and that the order on Schell (if paid) would be accepted in lieu of that amount. This seems to us to follow from a consideration of all the provisions of the agreement, particularly in view of the language: "Upon the payment of the order by G. W. Shell all property rights by and between the plain-

tiff and defendant are settled." The language by which the order on Schell is introduced has some tendency to support the plaintiff's contention, but we think it must yield to the specific provision quoted.

The plaintiff raises the point that the Schell order was never paid. There is nothing to indicate, however, that it was ever presented, and we think presentation was incumbent upon the plaintiff as a foundation for that objection. The plaintiff also contends that the defendant's testimony shows that the debt from Schell was not due until March 1, 1921. What the defendant said was that the indebtedness of Schell to him was absolute at the time the order was given, but that Schell wanted to wait until March 1. We do not regard this testimony as indicating that the debt was not due, or as excusing the presentation of the order.

The plaintiff suggests that an agreement between the parties concerning alimony was not binding upon the court, citing *Blair v. Blair*, 106 Kan. 151, 153, 186 Pac. 746. However that may be (and of course reasons may exist for setting aside such an agreement) we think no greater allowance than that provided by the last stipulation should have been made without giving the defendant notice and an opportunity to be heard concerning it, since he was justified by its terms in remaining away under the assumption that the stipulation would control.

The plaintiff's final suggestion is that the petition to vacate the judgment is in effect a motion for a new trial and the appeal from the order denying it should not be entertained because the ten days' notice of an intention to appeal required by the statute (Gen. Stat. 1915, § 7582) was not given. While the defendant asked to have the decree of divorce vacated we see no sufficient reason for such an order and regard the proceeding as maintainable only as one for reopening the question of the allowance of alimony. Therefore the statutory provision referred to does not apply. (*Kremer v. Kremer*, 76 Kan. 134, 90 Pac. 998, 91 Pac. 45. See, also, *Haverty v. Haverty*, 35 Kan. 438, 11 Pac. 364.)

The order denying the petition to vacate the judgment for alimony is reversed and the cause is remanded with directions to set aside that part of the judgment, in order that the question of an allowance to the wife may be retried.