MILDRED T. BUCHLER,

*Plaintiff-Appellant,*

vs.

CLIFFORD C. BUCHLER,

*Defendant-Respondent.*

(No. 2423; February 8th, 1949; 202 Pac. (2d) 670)

For plaintiff and appellant the cause was submitted on the brief and oral argument of Fred W. Layman of Casper, Wyoming.

For defendant and respondent the cause was submitted on the brief and oral argument of W. J. Wehrli of Casper, Wyoming.

## OPINION

RINER, Chief Justice.

This is a direct appeal proceeding from a judgment of the District Court of Natrona County entered April 21, 1948 (rendered April 20, 1948) declining to modify the terms of a former judgment entered January 3, 1941 (rendered December 5, 1940) in an action between the same parties as are involved in the present litigation which earlier judgment granted the plaintiff in this action, Mildred T. Buchler, a divorce and dissolved the marriage relation existing between her and the defendant therein, Clifford C. Buchler, allowed her a certain sum of money per month to be paid by the defendant as permanent alimony and provided also for the payment of fixed sums of money by said defendant to said plaintiff for the support, maintenance, and education of the two children of these parties. Hereinafter the litigants will usually be referred to as plaintiff and defendant respectively.

From the 1941 judgment we take the following facts: The parties were married in the State of New York, August 14, 1923 and have, as the issue of said marriage, a son, Clifford Charles Buchler, Jr., December 5th, 1940 aged sixteen years, and a daughter, Dolores Anne Buchler, then of the age of five years. The judgment last mentioned awarded to plaintiff the care, custody, maintenance, and education of these two minor children and to the defendant, the right of visitation of said children at all reasonable hours; it provided for stated plaintiff's attorneys' fees to be paid by the defendant. Certain property rights as between plaintiff and defendant were also settled and determined by this judgment. Thereinafter it ordered, adjudged, and decreed:

"That all property rights between the plaintiff and the defendant have been and hereby are settled and ad-

justed, and that each of the parties hereto be and hereby is perpetually restrained and enjoined and forever barred from asserting or claiming any right, title or interest in and to the property of the other, save and except for the enforcement of this decree."

also:

"That the defendant be and hereby is required to pay to plaintiff as permanent alimony and for her support and maintenance the sum of $100.00 per month, the first payment thereof to be made on January 1, 1941, and on the first day of each any every month thereafter so long as the plaintiff does not re-marry, and upon her re-marriage the monthly payments for her support and maintenance shall forthwith cease.

"That the defendant be and hereby is required to pay to plaintiff the sum of $50.00 per month for the support, maintenance and education of their said minor son, the first payment thereof to be made on January 1, 1941, and on the first day of each and every month thereafter until the said minor son arrives at the age of 22 years, unless when such son arrives at the age of 21 he is not attending school and is employed, in which latter event such payments shall cease.

"That defendant be and hereby is required to pay to plaintiff the sum of $50.00 per month for the support, maintenance and education of their said minor daughter, the first payment thereof to be made on January 1, 1941, and on the first day of each and every month thereafter until the said minor daughter arrives at the age of 22 years, unless said minor daughter marries prior to arriving at such age, in which event the payment of said sum of $50.00 per month shall cease."

Following this part of the judgment aforesaid the defendant was required thereby to maintain and keep in force certain insurance policies for said children as beneficiaries thereunder subject to change when the children arrived at the age of 22 years. Jurisdiction over the minor children was expressly retained and over certain personal property listed in the judgment for disposition as directed by said judgment. A re-

view of this judgment of 1941 appears never to have been sought so far as shown by the record here.

It appears also that the provisions set forth in the 1941 judgment settling the property rights of the parties and the sums made payable to the plaintiff "as permanent alimony" and "for the support, maintenance, and education" of the two minor children were embodied in a certain stipulation apparently approved by the plaintiff and defendant through their respective counsel. This stipulation after listing all defendant's assets, stated in the paragraph immediately following:

"That the parties hereto have adjusted and settled their property rights, alimony for plaintiff, care, custody, maintenance and education of their minor children, and support money for the minor children, subject to the approval of the Court of this Stipulation, and to be entered in the decree, if granted plaintiff, in the manner following:"

This stipulation then set forth substantially the provisions mentioned above as appearing in and adopted by the 1941 judgment aforesaid. Paragraphs "j" and "k" of this stipulation declare respectively:

"(j) That the foregoing shall constitute, and it shall be stated in the decree, to be a complete adjustment and settlement of all property rights between the parties to this action, and that each of the parties hereto shall be in such decree perpetually restrained and enjoined and forever barred from asserting or claiming any right or interest in and to the property of the other, save and except for the enforcement of such decree.

"(k) That the defendant shall be required in such decree to pay to plaintiff as permanent alimony and for her support and maintenance, the sum of $100.00 per month, the first payment thereof to be made on January 1, 1941, and on the first day of each and every month thereafter so long as the plaintiff does not remarry, and upon re-marriage the monthly payments

for her support and maintenance shall forthwith cease."

Following these paragraphs in the stipulation are two additional paragraphs. The first one of which states that defendant shall be required to pay to plaintiff $50 per month for the support, maintenance, and education of the minor son until he arrives at the age of twenty-two years and the second also states that defendant shall be required to pay the same sum to the plaintiff for the same purpose for the benefit of the daughter until she arrives at the age of twenty-two years.

On January 14, 1948 plaintiff filed in the District Court of Natrona County and in the action above described her petition wherein in paragraph 1 the requirements of the 1941 judgment aforesaid were recited as to permanent alimony to be paid by defendant to plaintiff and those as to payments by him for the support, maintenance and education of the children above named. In paragraph 2 it is also alleged that plaintiff has not re-married since December 5, 1940; in paragraph 3 that the $50 payments on behalf of the son of the parties have ceased as he has arrived at the age of twenty-two years and that the daughter, Dolores Anne is thirteen years of age and is in the custody of plaintiff; in paragraph 5 that at the time the judgment of 1941 was rendered the plaintiff was able to support herself in her station in life on the $100 per month payment of permanent alimony; that since that time the cost of living has so increased that she can no longer do this by making use of the sum thus allowed but that $200 per month will now be required; in paragraph 6 it is alleged that for the same reasons as set out in the preceding paragraph $50 per month is insufficient to support, maintain and educate the daughter, Dolores, and $100 per month is

now necessary for those purposes; in paragraph 7 it is stated that at the time of the 1941 judgment the alimony awarded plaintiff and the amounts of money provided for the support of the minor children was commensurate with defendant's earnings; that since then defendant's earnings have substantially increased; in paragraph 8 appear averments as to necessary attorneys' fees to be allowed plaintiff in connection with the present proceeding. The prayer of the petition is for a modification of the judgment of 1941 by increasing plaintiff's alimony allowance from $100 to $200 and from $50 to $100 for the support, maintenance and education of the minor daughter Dolores and for attorney fees.

Defendant's answer admits that the judgment of 1941 provided for the payments in the several amounts above stated to the plaintiff for the support of the two children of the parties and admits the allegations set forth in paragraphs 2, 3, and 4 of plaintiff's petition. The averments of the petition in paragraphs 5, 6, 7 and 8 are denied with the admission that defendant's earnings have increased but states also that his income tax has materially increased. Defendant's pleading alleges also that the obligation of the 1941 judgment requiring him to pay the sum of $100 per month to plaintiff "for her support and maintenance" was "part and parcel of a property settlement at that time consummated between plaintiff and defendant and reflected by" said judgment; that plaintiff and defendant "made a full and complete settlement of all marital rights" and the paragraph in said judgment which has been quoted above regarding the settlement and adjustment of all property rights is pleaded verbatim; that $50 per month is sufficient for the support and maintenance of the minor daughter; and that defendant has fully complied with all requirements of said judgment and has also paid additional sums of money

for the benefit of the son of the parties. The defendant prays that plaintiff take nothing by her petition.

Plaintiff filed a reply putting in issue all new material in the defendant's answer.

The issues made by the pleadings above outlined relative to the modification of the 1941 judgment were thereafter heard by the court without a jury and the judgment of April 21, 1948 was entered wherein the court found:

"that the cost of living has increased for the plaintiff and for Delores Anne Buchler, and the court further finds that the monthly allowance to Delores Ann Buchler should be increased to Eighty ($80.00) Dollars per month; that according to law that no increase may be allowed to the plaintiff, Mildred T. Buchler personally and that attorney's fees in the sum of One Hundred ($100.00) Dollars together with costs of suit should be allowed the plaintiff . . . "

The judgment was in accord with these findings. The last paragraph thereof reads:

"IT IS FUTHER ORDERED that the plaintiff's Application and Petition for increase of her own allowance from One Hundred ($100.00) Dollars to Two Hundred ($200.00) be and the same is hereby denied to all of which decree, with the exception of the denial of increase to the plaintiff personally, the defendant excepts and an exception is allowed and to that part of the decree denying the plaintiff an increase in alimony from One Hundred ($100.00) Dollars to Two Hundred ($200.00) Dollars the plaintiff excepts and an exception is allowed."

The plaintiff has appealed to this court from that part of the judgment only denying her any increase in alimony allowance. In this connection it will be observed that although the court found that the cost of living had increased for the plaintiff, her circumstances having thus changed, the court concluded that "according to law" no increase of the money payments

for her support may be allowed to the plaintiff. Also upon a similar finding relative to the minor child, Dolores, an increase in the monthly allowance was nevertheless made. This court has ruled that change of circumstances must exist in order to warrant revision of an allowance of alimony to the wife. Moore vs. Moore, infra. Why the district court ruled as it did in denying an increased monthly allowance to plaintiff for her maintenance and support will be discussed hereinafter.

Referring to the stipulation entered into by counsel for the parties herein prior to the entry of the 1941 judgment, it is contended for the defendant that this judgment was based upon that stipulation as a contractual settlement and is consequently not subject to revision as it concerns the monthly payment of $100 required by that judgment to be made to plaintiff "as permanent alimony and for her support and maintenance"—again quoting the language of that judgment as reviewed hereinabove. So defendant insists that:

"As to plaintiff and defendant, each is bound by the contract evidenced by the stipulation, and the terms of which were incorporated in the decree. This is true as to the 'alimony' which defendant is required to pay plaintiff. In fact, while so termed in the decree, the payments do not comprise alimony in the true sense, but are only a part of the property settlement."

We do not at all agree with this view of the language and effect of the judgment aforesaid. The judgment was signed by the Honorable James H. Burgess, Judge of the District Court for the Fourth Judicial District, both an able lawyer and a learned judge with many years experience. When he inserted that language in the judgment he undoubtedly said what he meant and meant what h e said. We have hereinabove quoted the phraseology employed in the stipulation aforesaid and it will be noted that the stipulation itself designates

the monthly $100 payments "as permanent alimony and for her (plaintiff's) support and maintenance". This stipulation appears to be signed by defendant and also by his counsel, E. E. Enterline, and is approved by Lewis A. Dick, special counsel for plaintiff. Mr. Enterline as a lawyer of long experience was well skilled in the drafting of legal papers and evidently used the language quoted advisedly. Alimony for plaintiff and property rights, it is to be observed also, are mentioned separately in the second paragraph of the stipulation aforesaid which, with the agreements for the care of the children of the parties, were made subject to the approval of the court "and to be entered in the decree".

The statute (Section 3-5922 W. C. S. 1945, W. R. S. 1931, Section 35-124) under which the revision of the 1941 judgment is sought is phrased in these words:

*"After a decree for alimony or other allowance for the wife and children, or either of them,* and also after a decree for the appointment of trustees to receive and hold any property for the use of the wife or children, *the court may from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, or the payment thereof* and respecting the appropriation and payment of the principal and income of the property so held in trust and *may make any decree respecting any of said matters which such court might have made in the original action."* (Italics supplied.)

Maryland and several California cases are cited by defendant as supporting his contention. Neither of these states have statutes in language similar to that contained in Section 3-5922 quoted supra. Yet in Hough vs. Hough (Cal. App.), 152 Pac. 2d 17, a much later case in California than any called to our notice by defendant there was an agreement settling property rights of the parties and then the fourth paragraph of this agreement embodied this language:

"The husband further agrees to pay to the wife Two Hundred ($200.00) Dollars upon the 1st day of each and every month during her life unless she remarries, and if she remarries the said monthly alimony payments to cease. The first of said monthly payments to be made on August 1st, 1927."

This agreement was approved by the court and incorporated in an interlocutory decree of divorce. Thereafter the husband obtained a modification of the original $200 payment to $100 monthly. This order was made though plaintiff (the wife) contended that the court was without jurisdiction to modify the divorce decree, the contention being made that the monthly payments which defendant had agreed to make constituted part of a property settlement agreement. No appeal was taken from the modified order. The case came before the District Court of Appeals of California on the subsequent action brought by plaintiff to obtain a judgment upon arrearages due from the husband under the contract to pay $200 per month. She obtained a judgment below. Reversing this ruling the appellate court said:

"We are satisfied that the paragraph of the separation agreement which provides for the payment of $200 per month to plaintiff should not be considered as part of a property settlement agreement and as preventing the court from reducing the amount of the payments in case the financial condition of the defendant should justify the change. The parties in separate paragraphs of the agreement provide for a division of the property of both spouses in substantially equal parts. In the fourth paragraph the provision for the monthly payments to the wife is independently set forth and is specifically referred to therein as 'monthly alimony payments.'"

The case last reviewed was then carried to the Supreme Court of California. 26 Cal. 2d 605, 160 P. 2d 15 and a like result was reached in that court as in the District Court of Appeals. After stating that property

settlements though incorporated in a divorce decree may not be disturbed, the court of final authority in the state in part said:

"The settlement of property rights should be final in order to secure stability of titles. Support allowances on the other hand should be subject to the discretion of the court as justice may require. It may well be reasoned that the provision of section 139 of the Civil Code authorizing the modification of support allowances becomes an implied part of the agreement when it is incorporated into the decree. It is said in Smith v. Smith, 94 Cal. App. 35, 47, 270 P. 463, 468:

" 'The holding of the cases there cited is to the effect that the *order* allowing alimony *is subject to revision* at any time. *The parties, in making the agreement, will be presumed to have entered into the same with the understanding that the trial court possessed the power to change or modify the award or provision made for support,* as the circumstances might require or as the justice of the case might necessitate, the distinction being drawn that in some states, there being no statute similar to our code, the power to change or modify must be reserved in the decree.' (Emphasis added)"

The Supreme Court of California theretofore in its opinion had quoted from 39 Michigan Law Review 128 as "aptly said" the following significant language:

"In the first place, should the fact that there is incorporated into the decree a contract of the parties as to support alter the power of the court over such decree? Assuming that the court has power by statute to modify a decree not based on contract, it would seem that in the view of most courts there is no sufficient reason to take the decree based on contract out of the operation of the statute as to the alimony provisions. *That the interest of the state in the marital status and the dissolution thereof is sufficient reason to support such a view hardly seems to require demonstration.* * * * The obligation to pay alimony or support money to a divorced wife is one peculiarly justified by consideration of social desirability and generally pre-

scribed as a consequence to dissolution of the marital relation. Being a continuing obligation, and being subject to scrutiny of the courts as to fairness and adequacy at its inception, it should so remain and the contract of the parties should not be allowed to oust the court of power otherwise exercisable." (Emphasis supplied by California court.)

The comparatively recent case of Briggs vs. Briggs, 178 Ore. 193, 165 Pac. 2d 772 presented a record disclosing that the parties had entered into a contract settling property rights and provided therein in one of its paragraphs that the husband would "pay to the first party (the wife) as alimony during her life time or until she shall remarry, whichever event may first occur, the sum of $40 a month." This agreement was set forth in the decree of divorce thereafter entered and "ratified, confirmed, and approved" thereby. A modification in favor of the defendant was made by the trial court relieving him of the duty of paying the plaintiff alimony and support money as provided in the original decree of divorce. Modifying the trial court's order in this matter the Oregon Supreme Court said inter alia:

"The first contention of the plaintiff and appellant is that the original divorce decree allowing to the plaintiff $40 per month 'being based upon an actual property settlement of the parties is not subject to revocation' as a matter of law. The plaintiff relies chiefly upon Henderson v. Henderson, 37 Or. 141, 60 P. 597, 61 P. 136, 48 L. R. A. 766, 82 Am. St. Rep. 741. There is in that case language tending to indicate that such contracts when approved by the court are not subject to revocation or modification except by consent of the parties. That case was distinguished in Phy v. Phy, 116 Or. 31, 236 P. 751, 240 P. 237, 42 A. L. R. 588, and it was severely criticized in Warrington v. Warrington, 160 Or. 77, 83 P. 2d 479, 481. In the latter case this court, speaking of the decision in the Henderson case, said: 'Such conclusion, however, is not in keeping with that reached in the much later case

of Phy v. Phy . . . nor with the better-reasoned cases.' "The cases were thoroughly reviewed in Prime v. Prime, 172 Or. 34, 139 P. 2d 550, 552, and we find no occasion to repeat what was said there. In the Prime Case, as in the case at bar, there was a written agreement for a 'full, final and complete property settlement'. The defendant agreed to convey real property to the plaintiff and to pay her substantial sums of money in the event she was awarded a decree. It was agreed that the performance of the agreement should constitute a complete property settlement and full payment of all alimony, etc. In a separate paragraph it was agreed that the defendant should pay to the plaintiff 'the sum of $35.00 per month until (her) death or re-marriage'. After full consideration of the authorities, we held:

" 'It further appears that where by statute the court has power to modify executory provisions it will retain that power although the agreement of the parties and the decree of the court provide that the original allowance shall never be changed. Kelly v. Kelly, 194 Mich. 94, 160 N. W. 397 . . . An agreement of the parties approved as fair in the divorce decree may provide for a division of property rights and also for the payment of future installments for maintenance. Although both provisions be included in the same instrument they may be treated as separable, the provisions for division of the property being binding and beyond the power of the court to modify, the provisions concerning future installments for maintenance being, however, subject to modification in the event of changed conditions . . . As to the executory provisions, the parties are deemed to have contracted in view of the statute authorizing modification thereof.' Prime v. Prime, 172 Or. 34, 49, 50, 139 P. 2d 550, 557." (Italics supplied).

Mason's Minnesota Statutes 1927 Section 8603 embodies language practically identical with our Section 3-5922 given verbatim above. In Douglas vs. Willcuts, 296 U. S. 1, 56 S. Ct. 59, 80 L. Ed. 3 it appeared that the Commissioner of Internal Revenue assessed the income of a trust for the benefit of the wife in lieu of

alimony "or interest in the property or estate of" the husband on the theory that it was his income and the trust was merely collateral security. The Supreme Court of the United States held that this arrangement was substantially a provision for alimony and was subject to modification although the husband contended it was an irrevocable trust and could not be disturbed, the trust being incorporated in a decree of absolute divorce pursuant to a preceding agreement to that effect. The Court of Appeals for the Eighth Circuit had previously reversed the ruling of the Commissioner of Internal Revenue in favor of the husband's contention. In affirming the judgment of the Court of Appeals the Supreme Court of the United States said, following the decisions of the Supreme Court of Minnesota:

"Such stipulations or agreements do not control the court. The court may adopt or reject them as it deems best in the light of the situation of the parties. When such agreements are approved, and in effect are embodied in the decree, they do not detract from the authority of the court to alter or revise its decree and the provisions made for the wife's benefit. In Warren v. Warren, 116 Minn. 458, pages 459, 460, 133 N. W. 1009, the court said:

" 'It appears that the original judgment for alimony was based upon a stipulation of the parties, entered into pending the action, but not to facilitate the granting of the divorce, and plaintiff contends that the judgment so founded and entered became a contract between the parties, and is not subject to change by the court, except upon restoration of plaintiff to her position and rights before its entry. In this we are unable to concur.

" 'Stipulations and agreements of the kind, where not void by reason of having been entered into to facilitate a decree of divorce, become merged in the judgment when entered, and are not, in the absence of statute upon the subject, so far of a contractual nature as to preclude the court subsequently from changing and

modifying the judgment, upon application of one of the parties. The court is not controlled by the stipulation, and may adopt or reject it as seems consistent and proper from the situation of the parties, as disclosed by the evidence on the trial. The fact that such stipulations are usually adopted by the court does not change the situation.' " (Citing additional Minnesota cases including that of Erickson vs. Erickson, 181 Minn. 421, 232 N. W. 793.)

"As we have noted, this control over provisions for the benefit of the wife in connection with divorce applies by the express terms of the statute not only to 'alimony' but also to *other allowance for the wife and children, or either of them'*, and to 'the appointment of trustees to receive and hold any property for the use of the wife or children.' See section 8603." (Italics supplied).

As a matter of fact, the case at bar should be ruled by our prior decision in Lonabaugh vs. Lonabaugh, 46 Wyo. 23, 22 Pac. 2d 199. In that case it appeared that a decree of divorce in favor of the plaintiff wife required the defendant husband to make certain monthly payments to plaintiff for the support of herself and children. The husband thereafter applied to the court for a reduction of the required payments ($125 to her and $50 to each of the children), alleging substantial and material changes in his financial circumstances. The wife contended that:

"as the decree of divorce entered on December 15, 1930 'was the result of a written contract of the parties' made prior to its entry, it was 'not subject to revision or modification' by the district court."

The trial court, nevertheless, modified the prior decree of divorce and directed that $75 be paid to the wife and $37.50 for each child monthly. From this judgment of modification, the wife appealed to this court and repeated the contention theretofore made in the district court as above indicated. In affirming the decision below, we quoted from the Erickson case from

Minnesota cited by the United States Supreme Court as mentioned above. After setting out verbatim the language of Section 35-124 W. R. S. 1931 (Section 3-5922 supra) we said:

"Under statutes of this character, it is generally held, as stated in the very full note on the point, with collected cases, in 58 A. L. R. 639, that 'where a court has the general power to modify a decree for alimony or support, the exercise of that power is not affected by the fact that the decree is based on an agreement entered into by the parties to the action' ".

Since the Lonabaugh case was decided, two additional notes on the same subject have appeared in the A. L. R. series of selected cases each stating the same rule as was declared in 58 A. L. R. 639 quoted above, each note demonstrating that the majority of the courts of the nation in later decisions have also so held. These additional elaborate notes appear in 109 A. L. R. 1068 (Citing the Lonabaugh case) and 166 A. L. R. 675. Extended lists of additional cases are therein supplied supplementing the earlier annotation in 58 A. L. R.

But it is insisted here by the defendant, and apparently the district court adopted that view of the matter, for plaintiff's argument and brief in this court so states without contradiction from the defendant, that a later decision of this court, in effect, overruled the conclusions reached in the Lonabaugh case. It was for this reason as we are told that the district court declined to increase the original monthly allowance of alimony to the plaintiff. The case thus relied upon is that of Rinehart vs. Rinehart, 52 Wyo. 363, 75 Pac. 2d 390. We think the question decided in that case has nothing whatever to do with the problem presented either in the Lonabaugh litigation or the case at bar. The Lonabaugh decision was not even mentioned in the Rinehart opinion although it was called to our notice by respondent's brief as the report of the case in 52

Wyo. discloses. It was not necessary to mention it for the very good reason that the controlling facts in the two cases were widely divergent.

In the Rinehart case the wife had instituted an action for divorce against her husband. Prior to a hearing on the matter the parties entered into a stipulation settling certain property rights and providing that the husband pay the wife $60 per month alimony. Relying on this arrangement the defendant husband did not appear in the action. A default was entered against him and the court awarded plaintiff a divorce and also alimony in the sum of not $60 per month but $100 per month, thus disregarding to stipulation aforesaid. At the next term of court the defendant appeared and made application to the court to have the decree as entered vacated, alleging that he had defaulted in the case only by reason of his reliance upon the stipulation aforesaid. He asked the district court either to abide by the stipulation by altering its decree to conform to it or else to give him an opportunity to answer and defend the suit. The district court declined on demurrer to his application to allow him the right he claimed. From this ruling he appealed.

The only question in the case—as was distinctly stated at the outset of the discussion in the opinion— was "whether the court had a right to ignore it (the stipulation or contract of the parties) awarding alimony in excess of the amount provided in the contract and whether the court erred in sustaining the demurrer" to plaintiff's application above described. Holding that the district court in its ruling thus was wrong, that the defendant should be given the opportunity to defend in the case as he asked, and concluding the court's opinion, the Kansas case of Wamberg vs. Wamberg, 111 Kans. 248, 206 Pac. 889 was reviewed inasmuch as it presented "almost the exact question now

before us". And, as shown by the quotation made from the opinion in the decision last mentioned, the Kansas court said:

"we think no greater allowance than that provided by the last stipulation should have been made without giving the defendant notice and an opportunity to be heard concerning it, since he was justified by its terms in remaining away under the assumption that the stipulation would control."

Commenting on this ruling in the Wamberg opinion, it was remarked in the Rinehart case "no less an opportunity than that therein mentioned should be given to the defendant in this case". It is manifest that the Rinehart decision in no way affected the prior decision in Lonabaugh vs. Lonabaugh supra.

It is also contended that the case of Moore vs. Moore, 33 Wyo. 230, 237 Pac. 235 supports the position taken by the plaintiff in the case at bar. The same contention was advanced in the Lonabaugh case and therein concerning the Moore case, it was said:

"The case of Moore v. Moore, relied on by appellant, also presented facts widely divergent from those now before us for consideration. There the defendant husband admitted that the wife had advanced to him from her own personal funds, in the neighborhood of $10,000, and the district court, in declining to modify the previous divorce decree which required certain payments to be made to her, expressly found that 'the plaintiff during her marriage with defendant contributed not less than five thousand dollars from her own funds to the support of plaintiff and defendant; that the provisions of the decree as to permanent alimony chargeable to defendant were 'in the nature among other things of a settlement of the claim of plaintiff against defendant, and that therefore the said decree should not at this time be modified' '. The record here discloses no such situation and obviously demands the application of a different legal principle."

We accordingly reiterate that the record in the case at bar presents "no such situation and obviously demands the application of a different legal principle".

At the time defendant filed his brief in this court he also filed his motion to dismiss this appeal because the plaintiff did not take an appeal from the entire judgment and our cases of Cottier vs. Sullivan, 47 Wyo. 72, 31 P. 2d 675 and F. E. Warren Merc. Co. vs. Myers, 48 Wyo. 232, 45 Pac. 2d 5 are cited as supporting his motion. We can not agree. The Cottier case recognizes the right of appeal from a part of a judgment "in a proper case", and states that:

"An appeal from a part of a judgment, with or without express statutory authority, can only be taken from a part that is separable from the rest for the purposes of the appeal. 8 Bancroft's Code Practice, § 6267."

The cited text, Bancroft's Code Practice, Section 6267 says that "partial appeals are allowable either under statutory provision or even in the absence of any provisions expressly sanctioning them" and the text in that section also says:

"The rule, however, is subject to the limitation that the part of a judgment from which an appeal is taken must be separable from the remainder, or, in other words, the part whereby the appellant is aggrieved must be so far distant (distinct) and independent that it may be adjudicated on appeal without bringing up for review the entire judgment or order."

In St. Paul Trust Co. vs. Kittson, 84 Minn. 493, 87 N. W. 1012, the rule is stated in similar language thus:

"An appeal may be taken from a part of a final order or judgment if the part whereby the appellant is aggrieved is so far distinct and independent that it may be adjudicated on appeal without bringing up for review the entire order or judgment. Hall v. McCormick, 31 Minn. 280, 17 N. W. 620."

We think that the part of the judgment whereby the appellant claims she "is aggrieved" is "so far distinct and independent" from the remainder of the judgment that it may be adjudicated regardless of the latter.

The only part of the judgment which we are required to consider is whether after finding that circumstances of the wife had changed in "that the cost of living has increased for the plaintiff" over what it was when the original decree granting her permanent alimony was made, the trial court was correct in refusing to determine whether an increase of the amount theretofore granted her should be made, this refusal being based on an erroneous view of the effect of one of the decisions of this court (the Rinehart case, supra) as we have seen. That part of the judgment increasing the allowance for the maintenance and support of the minor child, Dolores, is entirely distinct in fact and in law and independent of the part denying an increase of alimony to the plaintiff. Both parties appear to be satisfied with what was done by the district court concerning the child's allowance. Neither plaintiff nor defendant has attacked it and no controversy now exists here as to that matter. It will not be necessary for the trial court to give any further consideration to that phase of the litigation when the case is returned to the District Court for further proceedings, as it must be. In order to dispose of the case before us we could not find nor have we found it necessary to inquire as to the propriety of the judgment concerning the child's maintenance in order to determine whether the court was in error in its view of the Rinehart decision. We may additionally observe that in Fuchs vs. Goe, 62 Wyo. 134, 163 Pac. 2d 783 we held that where there was no controversy in regard to a part of the judgment not appealed from, the Cottier and F. E. Warren cases were not in point.

A somewhat analogous question was presented to the Supreme Court of Iowa in Ladd vs. Ladd, 188 Iowa 351, 176 N. W. 211. This was an application in the district court under section 3180 of the Code which provided:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient",

to modify a provision in a former decree of divorce pertaining to the custody of the child of the parties. The application as made was in effect denied and plaintiff, defendant's former wife, appealed seeking a review of the judgment thus entered on her application wherein she had alleged changed circumstances of the parties as a ground for an alteration of the original decree concerning this matter. The action of the trial court was reversed, the appellate court reaching the conclusion:

"that the plaintiff's application for a modification should have been sustained, and that she should be awarded the continuing custody of the boy until such time as changed circumstances shall make expedient a changed order."

Concluding its opinion the court said:

"The defendant filed a motion to dismiss the appeal. Such motion has been submitted with the case. The general ground of the motion is that there was no appeal from the decree of divorce, and that the decree for alimony was fully performed by the defendant and accepted by the plaintiff; that, having accepted such performance of the decree as was beneficial to her, she cannot now appeal from a part thereof. The motion is not well taken. If it could be sustained on such ground, then no order as to custody of the child could ever be changed under Code, § 3180, unless there had been an appeal from the decree of the divorce.

"The scope and validity of a decree of divorce as such is in no manner affected by the order for the custody of the child, nor by future changes in such order. A decree of divorce is such, even though there be no order affecting the custody of the child. It is no less such, if there be an order affecting the custody of the child. The motion is accordingly overruled, and the order of the trial court is reversed, and the cause remanded."

The motion to dismiss will be denied, the judgment of the District Court of Natrona County should be reversed and the case remanded with instructions to determine whether the plaintiff is entitled to an increase in alimony to be paid her by the defendant under the facts appearing and the views expressed in this opinion.

*Reversed* with Instructions.

KIMBALL, J. and BLUME, J. concur.