This appeal is from a judgment awarding a lump sum for arrears of alimony, award of counsel fees, adjudging appellant in contempt of court and directing him to pay $20 a week for respondent's support.
The parties were married in 1933. In 1937 the wife filed a petition for divorce and obtained a decree which provided for alimony of $50 a week. In February, 1939, appellant ceased the weekly payments and contempt proceedings were commenced against him. He countered with a proceeding to *Page 361 
modify the alimony payments downward. The matters were referred to a Master before whom testimony was taken and who filed his report in August, 1939. The appellant filed exceptions to the Master's report and late in 1939 argument was had before an Advisory Master and briefs filed. Eight years elapsed before the Advisory Master entered an order on September 23, 1947, reducing the weekly payments of alimony to $10 a week, payments to commence on July 1, 1939, in accordance with a stipulation between the parties. The same order awarded counsel fees of $500 and $350 to counsel. No appeal was taken from said order. While the decision on the exceptions was pending, appellant continued payments at the $50 rate until March, 1940, when, on advice of counsel, he ceased all payments. After the entry of the belated order of September 23, 1947, there ensued negotiations relative to a lump sum payment of alimony which broke down. Thereafter in December, 1948, respondent filed a petition to hold appellant in contempt of court for failure to obey the modifying order of September 23, 1947. After hearing, the judgment summarized in the fore part of this opinion was entered and this appeal taken therefrom.
Appellant argues that the judgment for arrears of alimony should be reversed because of respondent's lack of diligence in taking steps to compel the appellant to keep up his weekly payments. She is said to be in laches and that her refusal to accept some ad interim payments bespeaks her ability to maintain herself without the weekly payments and the fact that she has subsisted without them demonstrates that there is no necessity that she be paid the arrearages of alimony. The answer to the argument advanced lies in the fact that it was appellant who moved for a reduction of alimony. The respondent held a decree awarding her $50 a week. While we recognize that respondent had a duty to take steps to enforce payments as they fell due, nevertheless her failure to do so should not now prejudice her to the advantage of the appellant who was in default.
It is next argued that the judgment under appeal is erroneous in increasing the alimony from $10 a week as *Page 362 
fixed by the order of September 23, 1947, to $20 a week. Under the holding in McLeod v. McLeod, 131 N.J. Eq. 44 (E. A.
1942), it was settled that to justify an increase in alimony already awarded, there must appear a necessity therefor and the burden of proof is upon the ex-spouse. In the present case the respondent is getting a salary of $2,200 a year and her earnings have increased almost $1,000 since 1944. The appeal is meritorious in this respect.
We agree with the judgment fixing the arrears of alimony at $3,695 but there is grave doubt as to appellant's present ability to raise that amount. Justice will be served by modifying the judgment to provide that appellant pay the arrears of alimony at the rate of $10 each week in addition to the like sum as provided for in the order of September 23, 1947. The proposed modification has the additional merit of preserving the periodic element that is so desirable in alimony.
We come now to the judgment holding appellant in contempt of court. Under the peculiar circumstances of this case, not the least of which was the unexplained delay of eight years between the hearing and decision on the exceptions to the Master's report — a delay in no way attributable to appellant — it would seem but fair to relieve appellant from the status of a contemnor.
The cause is remanded to the end that the judgment may be modified in accordance with this opinion. *Page 363