**Ruth E. SALMERI, Appellant (Plaintiff below),**

v.

**Edward J. SALMERI, Appellee (Defendant below).**

**No. 4510.**

Supreme Court of Wyoming.

Oct. 13, 1976.

William J. Thomson, Guy, Williams & White, Cheyenne, for appellant.

James P. Horiskey, Rooney & Horiskey, Cheyenne, for appellee.

Before GUTHRIE, C. J., Mc-CLINTOCK, THOMAS and ROSE, JJ., and ARMSTRONG, District Judge, Retired.

McCLINTOCK, Justice.

Ruth E. Salmeri [1] appeals from the judgment of the district court of Laramie County, Wyoming claiming that that court has erroneously and through abuse of discretion improperly failed to give full faith and credit [2] to and enforcement of the ear-

---

1. Plaintiff in the New Jersey proceedings, who will be referred to herein as plaintiff or by name. In like manner, Edward J. Salmeri will be referred to as defendant or as Dr. Salmeri.

2. Article IV, § 1 of the United States Constitution provides in part that "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State."

lier judgment nisi, amendment thereto, and judgment fixing amount of arrearages, as entered by the Superior Court of New Jersey, Chancery Division, Monmouth County,[3] which judgment nisi, amendment and judgment for arrearages were filed in the district court as provided by §§ 1–477.1 to 1–477.8, W.S.1957, 1975 Cum.Supp.[4]

On December 23, 1966 the New Jersey court entered a judgment nisi dissolving the marriage of the parties,[5] granting alimony and child support to plaintiff, requiring defendant to pay all reasonable medical and dental expenses and maintain Blue Cross insurance for the children and the plaintiff, and to pay premiums on $20,000 of life insurance on defendant's life, naming plaintiff irrevocable primary beneficiary. On June 26, 1969 the same court entered a judgment amending the judgment nisi by requiring the defendant to pay plaintiff the sum of $1,000 per month for support and maintenance of the plaintiff, and $200 per month for the support and maintenance of each of the infant children.

On June 20, 1974 the same court entered a judgment on arrears in favor of the plaintiff and against the defendant for $5,000 representing the arrearages for alimony from January 1, 1974 to May 31, 1974, for $2,000 representing arrearages for child support for the same period, for $76.20 representing pharmaceutical and medical bills which appellee was obligated to pay pursuant to the judgment nisi, and for $100 plus costs to plaintiff's attorneys for fees in bringing the motion.

On August 20, 1974 plaintiff filed the New Jersey judgments with the clerk of the district court of Laramie County, and gave notice of the filing to defendant all in accordance with the uniform act.[6] Plaintiff then caused writ of execution to be issued upon the judgment of June 20, 1974, which execution resulted in the collection of $500 by plaintiff.

Following receipt of notice of the filing and on September 5, 1974 defendant filed his "Petition To Modify Judgment," referring only to the judgment nisi of March

---

3. Hereinafter referred to as the New Jersey court. The district court of Laramie County, Wyoming will be referred to as the district court.

4. This statute, Ch. 47, S.L. of Wyoming 1965, which we shall refer to as the "Uniform Foreign Judgments Act," represents an adoption of the 1964 Revised Uniform Act (see 13 Uniform Laws Annotated, Master Edition, p. 173), and superseded §§ 1–460 to 477, W.S.1957, based on the 1948 Uniform Foreign Judgments Act, 13 U.A.L. 182.

5. The judgment nisi states that the parties are divorced and discharged of any obligations of the marriage "unless sufficient cause be shown to this Court why this judgment should not be made absolute, within three months from the date hereof * * *." It does not appear that such showing was made and while the record before this court shows no entry of an order making the judgment absolute, the parties have proceeded on the theory that it is final, the defendant testifying to that effect. We proceed on that basis and recognize the judgment nisi as amended as imposing certain continuing obligations upon the defendant. It is the enforcement or modification of that judgment nisi, as amended by the New Jersey court, as well as the later judgment for arrearages

entered in the same court, which are the subject of this appeal.

6. It should be particularly noted that at this stage of the proceedings plaintiff has sought only to file or register her two judgments (the judgment nisi as amended and the judgment for arrears) and has not asked the Wyoming court to enter further judgment or take further action upon the judgments as filed. The only purpose of the filing appears to have been to establish the New Jersey judgments as valid judgments enforceable against the defendant in this state. Under the Uniform Foreign Judgments Act these judgments so filed were subject to the "same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner." Section 1–477.2, W.S.1957, 1975 Cum.Supp. Under that law it was also permissible for the judgment debtor (defendant) to show that the foreign judgment is under appeal or subject to stay in the other state, in which event our court can enter a "stay * * * for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state." Id. § 1–477.4. No such showing was made by defendant in this proceeding.

23, 1967 and to the amendment entered June 26, 1969 wherein provisions for alimony and support had been made and amended. The petition recites a material change of circumstances since the entry of the divorce decree and prays that the judgment and amendments thereto of the New Jersey court "now filed in this Court as a foreign judgment, be modified and amended by this Court in such manner as is justified by the change in the Defendant's circumstances and his present ability to pay;" and for such other relief as might be equitable.

Plaintiff replied to this petition, admitting those paragraphs concerning the filing of the judgments and denying allegations as to changed circumstances. Later and on November 8, 1974 she filed consolidated motions, the first of which sought the issuance of a writ of execution against the person of the defendant on the ground that he was assigning or disposing of property with intent to defraud plaintiff[7] and the second of which asked for issuance of an order to show cause why defendant should not be held in contempt of court in that he had not complied with either of the judgments and had stated that he would not comply therewith.

On November 11, 1974 hearing was held upon the defendant's petition and the plaintiff's motions. By judgment dated and entered November 19, 1974 the court found the New Jersey judgments were entitled to full faith and credit in the district court of Wyoming, but that such judgments are entitled to no more potency than is given to local decrees; that the laws of the state of Wyoming and the laws of the state of New Jersey are substantially the same with regard to modification and enforcement of judgment in divorce cases; that defendant is technically in contempt of court, but that he might purge himself of such contempt by his compliance with the order of the court; that in accordance with the judgment of the New Jersey court the current arrearage of defendant was $11,676,[8] and that the payments upon the judgment for arrearages should commence on August 17, 1978, the date upon which payments for the benefit of Kathleen should terminate; and that the financial condition of the defendant had materially and substantially changed and he was unable to pay alimony in the sum of $1,000 per month. The district court then ordered that defendant should no longer be required to carry any insurance which names appellant as beneficiary; that the child support for Kathleen Salmeri be reduced from $200 per month to $150 per month; and the alimony to be paid appellant was reduced from $1,000 per month to $200 per month for one year commencing November 1, 1974 and to terminate completely at the end of that year. It was further ordered that plaintiff be

"* * * granted judgment, in accordance with the New Jersey Judgments and amendments thereto, in the total sum of $11,676.20; provided, however, that said judgment in the sum of $11,676.20 shall be paid in the following manner, to wit; commencing on September 1, 1978, the movant shall pay to Ruth E. Salmeri the sum of $100.00, and shall pay a like sum on the first day of each month

---

7. The first of these motions is presumably filed in keeping with § 1–442, et seq., W.S. 1957, permitting such execution for failure to comply with money judgment. The affidavit supporting this part of the motion refers specifically and only to the judgment for arrearages entered by the New Jersey court and filed in the district court under the Uniform Foreign Judgments Act. Separate affidavit supporting the motion for contempt refers to both judgments.

8. This was computed as follows:

"(a) Per Judgment, dated June 20, 1974, $ 7,176.20
(b) For months June through October, 1974 5,000.00
 Total arrearage, 12,176.20
(c) Less $500.00 obtained by garnishment, 500.00
 Current arrearage 11,676.20."

thereafter for a total of 117 months, the final payment being in the sum of $76.20."

Plaintiff first claims that that part of the judgment of the district court postponing until September 1, 1978 the commencement of payment of the substantial amount of arrearages found by the district court to be due from defendant to the plaintiff and fixing such deferred payments at $100 per month, without interest, constituted a denial of full faith and credit to the New Jersey judgment. *Savoie v. Savoie,* 26 N.J. Misc. 67, 57 A.2d 467, a 1947 decision of the Court of Chancery of New Jersey, is cited for the proposition that once arrearages become vested with the attributes of a judgment, they cannot be modified. A more complete exposition of the New Jersey law is set forth by the Supreme Court of New Jersey in *Joseph Harris & Sons, Inc. v. Van Loan,* 23 N.J. 466, 129 A.2d 571, 574 (1957),

"For a century or more the practice in this State had required that the past due payments of alimony and maintenance be established by a formal order or decree of the court as past due and owing, and when that was done such decree could be docketed and a lien established in accordance with the provisions of the statute above mentioned." [9]

Unless and until this was done the judgment nisi of the court of chancery did not amount to a final judgment,

" * * * But once a judgment or order is entered establishing a fixed sum of money due for past due payments of alimony and maintenance such judgment or order insofar as it adjudges money to be due from the defendant to the plaintiff resembles a judgment at law in the pecuniary obligations it imposes and makes them equivalent to such judgments in their effects under the statute. * * * " 129 A.2d at 574.

*Full Faith and Credit—The Judgement for Arrears*

 As we analyze the proceedings in New Jersey filed in the district court, there are really two judgments, the judgment nisi as amended being the continuing order of the court that defendant do certain things and pay certain amounts of money, which judgment we think is properly entered in Wyoming and becomes an effective judgment as though entered by a court in this state. This judgment, under our law and the New Jersey law, is subject to modification in certain respects. The second judgment is the final judgment of the New Jersey court having jurisdiction of the matter that there is a definite and fixed sum of money due from the defendant to the plaintiff, which judgment recorded in accordance with New Jersey law has the same force and effect as any other money judgment in that state, constitutes a lien upon the property of the defendant, and permits the issuance of execution to collect the same.[10] We think that under the decisions of the state of New Jersey this judgment is unassailable in that state except for material defects in the proceedings that would permit the vacation of any other judgment. It is not subject to the discretionary control of the courts. If, then, we are to give full faith and credit to that judgment we must hold that it is not subject to attack in this state except on grounds that would permit attack upon any other money judgment, such as want of jurisdiction in the court entering the judgment or lack of service so as to vest jurisdiction over the defendant.

Nor do we find in the New Jersey law or in our law[11] any provision which permits the court, having entered a final and complete judgment, to allow the judgment to be paid over a period of time or to be subject to qualifications that do not pertain to other judgments.[12] We cannot interpret

9. Now §§ 2A:16–18 and 19, N.J.S.A.

10. *Ibid.*

11. Section 20–66, W.S.1957.

12. We do not interpret *Suydam v. Suydam,* 5 N.J.Super. 359, 69 A.2d 216 (1949) as being contrary to that position. The

our statute authorizing the court to alter a decree for alimony or allowance for children as permitting it to interfere with or modify what has become a money judgment. Just because the final judgment for a fixed sum of money grows out of a divorce action does not continue the power of the court granting the divorce or a subsequent court having jurisdiction of the matter to extend the time for payment thereof or otherwise modify the same. When the final judgment is entered the discretionary powers of the courts are exhausted.

In the present case there was no application to the court for any orders of this court with respect to the enforcement of the judgment of June 20, 1974. That judgment was final in New Jersey and upon filing in this state in accordance with our Uniform Act was final in this state. All that was left was the ministerial act of issuing a writ of execution. There was no need for the entry in the district court of another judgment and insofar as the judgment in the district court here attacked sought to include therein an amount that had already been reduced to final judgment we think that it was superfluous. The judgment of the New Jersey court has been filed for record and remains as the final judgment on that particular obligation of the defendant.

Upon entry of a judgment for money by any court in Wyoming the applicable law, § 1–308.1, W.S.1957, 1975 Cum.Supp., specifically directs that it shall "bear interest at 10% per year from the date of rendition until paid." Such allowance of interest is not in the discretion of the court entering judgment, it is a grant from the legislature of the state and we do not think that any court may refuse to give it effect.[13] The

district court directed that the total judgment of $11,176.20 entered by it be paid in 117 installments of $100 per month, commencing September 1, 1978, the last such payment to be in the amount of $76.20. Such language must be construed as carrying the inference that compliance with that order would satisfy all obligations of the judgment debtor and he would then be entitled to satisfaction of the judgment. So construed, we think the judgment was beyond the jurisdiction and power of the court.

We think that our action gives to the New Jersey judgment of June 20, 1974 the full faith and credit that is required by the federal constitution and is consistent with the decision in *Barber v. Barber*, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944). In that case plaintiff had obtained a judicial separation with alimony provisions by judgment of the Superior Court of North Carolina. She later obtained judgment from the North Carolina court fixing the amount of arrearages and then filed suit on that judgment in the courts of Tennessee. The Supreme Court of Tennessee reversed a judgment of the lower Tennessee court enforcing this judgment, on the ground that the judgment was without the finality entitling it to full faith and credit. The Supreme Court of the United States reversed. As we read the opinion the court distinguishes between the judgment or order making the allowances and the subsequent money judgment for arrearages. The first, being subject to modification, is not entitled to full faith and credit; the second, not subject to modification, is within the constitutional mandate.

"* * * The present judgment is on its face an unconditional adjudication of petitioner's right to recover a sum of

---

appellate division of the Superior Court of New Jersey did modify a judgment fixing the arrears entered by the chancery division, by permitting arrears to be paid at $10 a week. Since this became a part of the judgment itself, we do not think that the case can be said to be authority holding the final arrears judgment still subject to modification.

13. See *Rakes v. Ferguson*, 147 W.Va. 660, 130 S.E.2d 102, 107 (1963), holding the interest statute mandatory "and the circuit court in disregarding it not only committed error but exceeded its legitimate powers."

money due and owing which, by the law of the state, is a debt. * * *

"Upon full consideration of the law of North Carolina we conclude that respondent has not overcome the prima facie validity and finality of the judgment sued upon. We cannot say that the statutory authority to modify or recall an order providing for future allowances of installments of alimony extends to a judgment for overdue installments or that such a judgment is not entitled to full faith and credit." 323 U.S. at 86, 65 S.Ct. at 141.

We therefore hold that the judgment of the New Jersey court of June 20, 1974, fixing the then amount of arrearages due from the defendant, filed in the district court on September 4, 1974, became a full and complete judgment having the same effect as any money judgment entered in any court of this state, and that the same was not subject to extension as to payments, elimination of interest or other order hampering or restraining its enforcement just as any other judgment. Insofar as the judgment of the district court seeks to do this, it must be reversed.

*Full Faith and Credit—The Judgment Nisi*

■ We may wonder if the limitation of the full faith and credit clause to final judgments as set forth in *Barber* continues to be the law. Mr. Justice Jackson's statement in concurrence therein, that

"[n]either the full faith and credit clause of the Constitution nor the Act of Congress implementing it says anything about final judgments or, for that matter about any judgments. * * *," 323 U. S. at 87, 65 S.Ct. at 141,

has received· considerable citation and approval. It has also been said that although a state may not be constitutionally bound

to enforce a sister state's modifiable judgment, neither is it bound not to enforce it. *Worthley v. Worthley*, 44 Cal.2d 465, 283 P.2d 19, 22 (1955). We find nothing in our Uniform Foreign Judgments Act that distinguishes between a judgment for alimony and support to be paid in continuing monthly payments and a judgment for money only, payable in a definite and fixed sum. Under our statute, then, if not under the full faith and credit clause, it must be considered that the judgment nisi, when filed with the district court,[14] justified any action that could be taken by a judgment plaintiff in a case originating in the state of Wyoming. Contempt and other methods of enforcing a divorce decree containing alimony and support provisions would then be available to the plaintiff, and although the plaintiff in this case did not in the first instance seek such relief, we believe that her subsequent efforts in that respect were procedurally proper, albeit unsuccessful.

Plaintiff cites no authority in support of her contention that New Jersey law would not permit the modifications made by the district court and we cannot agree therewith insofar as the judgment nisi is concerned. While we have found no recent decisions of the final appellate court of New Jersey dealing specifically with the subject, we believe that both by statute and judicial decision the judgment nisi was modifiable. N.J.S.A. § 2A:34–23 provides that a divorce decree providing for alimony and child support "may be revised and altered by the court from time to time as circumstances may require." In *Duffy v. Duffy*, 19 N.J.Misc. 332, 19 A.2d 236, 239, (C.C.1941), Herr, Advisory Master, relying in part upon construction of the New Jersey statute by the Supreme Court of the United States in *Lynde v. Lynde*, 181 U.S.

---

14. All statements that we make herein concerning the filing and enforcement of judgments of other states assume jurisdiction of the subject matter and of the person and we do not want to be understood as denying the right and duty of our district courts to consider any question going to such jurisdiction. No such questions have been raised by either of the parties herein and we proceed on the basis that the judgment nisi as well as the judgment fixing arrears were entered upon proper process or notice.

183, 21 S.Ct. 555, 45 L.Ed. 810 (1901), said:

"The decision of the Supreme Court in the *Lynde* case is direct authority to the effect that under our statute as it was in the year 1900 (and it has not since been changed on that point) this court has authority to modify or vacate its alimony and maintenance decrees as to overdue and unpaid installments. * * *"

The latest decision of the Supreme Court of New Jersey pertinent to the general issue of enforcement of divorce decrees which we have been able to find, *Joseph Harris & Sons v. Van Loan*, supra, outlining the New Jersey practice to liquidate and finalize the amount due from a defendant for alimony or support, is consistent with this construction. In *Whitehead v. Villapiano*, 16 N.J.Super. 415, 84 A.2d 731, 735 (1951), involving a Pennsylvania decree, the Appellate Division of the Superior Court indicated its construction of the New Jersey law to be that the alimony judgment may be modified. This is the construction of the writer of a note in 11 Rutgers Law Review (1956–57), p. 726, Enforcement of Alimony Judgments in New Jersey, and also of the Supreme Court of California.[15]

*Power of the District Court to Modify the Judgment Nisi*

■ We conclude, then, that under New Jersey law the judgment nisi as amended, providing for alimony and child support, was modifiable. By the same token, assuming proper jurisdiction over the person of the plaintiff, the judgment was as modifiable in this state as it was in New Jersey.[16] If it was not so modifiable it would have a conclusive effect in this state

not contemplated by the New Jersey law and beyond what was intended by the court which entered it.

In *Worthley*, supra, the Supreme Court of California specifically rejected and refused to follow its earlier decision in *Biewend v. Biewend*, 17 Cal.2d 108, 113, 109 P.2d 701, 705, 132 A.L.R. 1264 (1941), which had held that a Missouri court decree would be established as the California decree "until such time as the Missouri court modifies its decree" and held that issues of modification were properly triable in the California court. This appears to us to be in line with the more sensible authorities, 24 Am.Jur.2d, Divorce and Separation § 987, p. 1125. We need not go so far as to determine whether a divorce decree with provisions for alimony or support, not subject to modification in the state of its rendition, is subject to change in another state where the judgment is filed, for as said in *New York ex rel. Halvey v. Halvey*, 330 U.S. 610, 614–615, 67 S.Ct. 903, 906, 91 L.Ed. 1133 (1947),

"* * * [A] judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered. * * * Whatever may be the authority of a State to undermine a judgment of a sister State on grounds not cognizable in the State where the judgment was rendered (Cf. *Williams v. State of North Carolina*, 325 U.S. 226, 230 [65 S.Ct. 1092, 1095, 89 L.Ed. 1577, 157 A.L.R. 1366]), it is clear that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered."

---

15. "* * * Since the New Jersey decree is both prospectively and retroactively modifiable, N.J.S.A. § 2A:34–23, we are not constitutionally bound to enforce defendant's obligations under it [citing authorities] * * *." *Worthley v. Worthley*, 44 Cal.2d 465, 283 P.2d 19, 22 (1955).

16. Plaintiff has not questioned the jurisdiction of the court to consider modification and pleaded to the petition for modification, presented motions seeking to enforce the judgment nisi and through counsel fully participated in the hearing upon the defendant's application as well as her motions.

Section 20–66, W.S.1957 provides in pertinent part:

"After a decree for alimony or other allowance for the wife and children, or either of them, * * * the court may, from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, or the payment thereof * * * and may make any decree respecting any of said matters which such court might have made in the original action."

If a foreign judgment for divorce with provisions for alimony and support is to be entered in a district court of this state with the same force and effect as a judgment of this state, it must be subject to the provisions of this statute.

*Propriety of the Modification of the Judgment Nisi by the District Court*

■ Any modification of the judgment nisi by a court of this state must be consistent with our previous decisions declaring that a modification hearing is not a time to reconsider the evidence and premises upon which the original judgment was entered but only to consider whether there has been such change of circumstances as to warrant a different decree. *Heyl v. Heyl,* 518 P.2d 28 (Wyo.1974); *Buchler v. Buchler,* 65 Wyo. 452, 202 P.2d 670 (1949); *Lonabaugh v. Lonabaugh,* 46 Wyo. 23, 22 P.2d 199 (1933).

■ While under New Jersey law such modification could be retroactive (we would think back to the time of the change of circumstances if not earlier than a judgment fixing arrearages), the district court did not attempt to modify the provisions of the judgment nisi as to alimony and support payments which had accrued at the time of the hearing in the district court. Plaintiff broadly asserts abuse of discretion by the district court but we have carefully examined the record and find no indication that the district court's action as to future modification was not based on competent and probative evidence showing a materially changed financial condition of the defendant and we see no reason for interfering with that exercise of discretion. *Young v. Young,* 472 P.2d 784 (Wyo. 1970), *Cooper v. Cooper,* 448 P.2d 607 (Wyo.1968), and *Biggerstaff v. Biggerstaff,* 443 P.2d 524 (Wyo.1964), while dealing with the discretionary power of the court in considering allowances in the first instance, are equally authoritative on the discretion vested in the trial judge upon applications to modify. Plaintiff's claim that the requirement to maintain life insurance is a property right which cannot be modified is unsupported by authority, and as we said in *Clouser v. Spaniol Ford, Inc.,* 522 P.2d 1360, 1365 (Wyo.1974), citing *In re Estate of Carey,* 504 P.2d 793, 798 (Wyo.1972), arguments not supported by citation of authority need not be considered. We do not find the plaintiff's statement of the claim persuasive.

*Denial of Plaintiff's Motions*

■ We agree with the district court in its refusal to exercise contempt sanctions against the defendant. Contempt is a matter which must be peculiarly within the discretion of the trial court and the mere fact that defendant intentionally ceased payments does not, in view of his showing as to considerably straitened circumstances, indicate a flagrant disregard of his obligations under the judgment nisi. He formally indicated to the Monmouth Probation Department such inability, and the district court has found such material change in circumstances as to justify modification of the alimony and support payments order. We also point out, in line with *Strahan v. Strahan,* 400 P.2d 542, 545 (Wyo.1965) that refusal to issue contempt citation or permitting purging such contempt upon payments in a manner different from that provided in the judgment has no bearing upon plaintiff's right to have the arrearages reduced to final judgment and to proceed as upon any other money judgment to collect the same.

 

■ We know of no statute or decision permitting one who has not paid an ordinary money judgment (the judgment of June 20, 1964) to be cited for contempt. The remedy in such case is limited by the provisions of § 1-442, et seq., W.S.1957 and our examination of the record discloses no evidence that defendant was guilty of any of the acts justifying the issuance of such execution.

*Disposition of the Appeal*

In conclusion, then, and insofar as the judgment of the district court attempts or may be construed to affect or interfere with the New Jersey judgment for arrears, in the amount of $7,176.20 as filed in the district court on August 20, 1974, and with the accumulation of interest thereon at the rate of 10% per annum as provided by statute, or the issuance of execution to collect the judgment under the usual processes of the court, the judgment of the district court is reversed.

Insofar as the judgment of the district court determines the amount of arrearages between June 20, 1974 and November 19, 1974 in the amount of $5,000, reduces payments of alimony and support accruing after November 19, 1974, and eliminates any requirement upon the defendant to maintain insurance upon his life, the judgment of the district court is affirmed.

We also affirm the judgment of the district court in denying the motion filed by plaintiff seeking issuance of contempt citation against the defendant for his failure to comply with both the judgment nisi and the judgment for arrears, as well as the motion seeking issuance of a writ of execution against the person of the defendant for failure to comply with the judgment for arrears.

We think the judgment can be redrafted in such a way as to leave intact and unimpaired the judgment for arrears of the New Jersey court, validly filed in this state and entitled to all rights concomitant with a similar judgment of a court of this state, while entering judgment of the district court for the subsequent arrears, such judgment then being entitled to interest at the statutory rate from and after its entry as any other money judgment of a district court, and at the same time modifying the provisions of the judgment nisi in the way that we have indicated proper.

So ordered.